## US DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

Paul R. F. Schumacher,
                              *Plaintiff.*
                v.

Capital Advance Solutions LLC
Charles Betta
Dan Logan,
                              *Defendants.*

Case No. 4:18-CV-00436

## PLAINTIFF'S MOTION FOR ALTERNATE SERVICE

**I.   Introduction**

   Defendant Dan Logan has refused to waive service when requested and has taken steps to avoid service. Accordingly, Plaintiff requests Alternate Service for this defendant.

**II.   Issues to Be Ruled Upon**

   To require Christopher D. Devanny to convey the documents to his client Dan Logan and to consider the Dan Logan sufficiently served with the complaint, citation, and initial order.

Mr. Devanny is currently representing Defendant Dan Logan in a similar federal case. Mr. Devanny was sent copies of the initial filing, initial order, and citation with the waiver of service requests. The court is requested to order Mr. Devanny to convey those documents to his client and to consider Mr. Logan served in this manner.

   To allow Alternate Service upon Dan Logan via certified mail

Per Federal rule 4(e), service may be done "following state law for serving a summons in

an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". Texas rules of civil procedure 106 allows alternate service to be done "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." [1]

### III. Argument

#### A. Reasonable Attempts Made

As noted in the attached affidavits of non-service, service has been attempted multiple times on Defendant Dan Logan. Service has been attempted at the address of the business as well as at his home.

In addition, as noted in the second affidavit of non-service, Defendant Logan is aware that service is being attempted and is avoiding it in violation of the spirit of the rules of this court to not unnecessarily increase the costs of service.

#### B. Governing Rules

Per Federal rule 4(e), service may be done "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made".

Texas rules of civil procedure 106(a)2 allows defendants to be served by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."

Texas rules of civil procedure 106(b)2 allows alternate service to be done "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." [1]

### C. Served Through Existing Attorney

Christopher D. Devanny currently represents Dan Logan in CUNNINGHAM v. CAPITAL ADVANCE SOLUTIONS, LLC et al (case 3:17-cv-13050) in the New Jersey District Court.

Mr. Devanny was sent copies of the waiver requests which were accompanied by the Initial Order, Complaint, and Summons on or around 23-FEB-2018.

It is reasonable to expect that Mr. Devanny is in current communication with his client and is capable of conveying those documents to his client in a timely and reliable fashion. It is, in fact, reasonable to expect that Mr. Devanny has already done so.

As above, the Texas rules of civil procedure allow alternate service be done in a way which will be reasonably effective to give defendant notice of the suit.

Plaintiff contends a court order to Mr. Devanny to ensure that he has indeed conveyed those documents to Mr. Logan this will be reasonably effective in ensuring notice as required by TRCP 106(b)2.

### D. Alternate Service

If the above method is not approved, Plaintiff requests that the court authorize alternate service via certified mail to Mr. Logan's home address at 550 Cumberland St., Apt. 2, Westfield, NJ 07090.

This method is explicitly allowed under Tex. R. Civ. Proc. Rule 106 for service in Texas, and as noted Federal rule 4(e) allows service to be done "following state law" in the jurisdiction where the district court is located.

Additionally, it fulfills the more general requirement that alternate service be done in a manner that will be reasonably effective to give notice.

## IV. Conclusion

In conclusion, reasonable attempts to serve Mr. Logan in person have failed, in part due to his efforts to avoid being served. Plaintiff requests that either Mr. Logan's current attorney in the concurrent action be ordered to convey the documents to him or that Plaintiff be allowed to serve Mr. Logan via certified mail and that the approved method be ruled as satisfying the service requirements of this case.

## References

[1] Texas rules of civil procedure. *http://www.txcourts.gov/media/1435952/trcp-all-updated-with-amendments-effective-912016.pdf*.

Dated: May 7, 2018

———————————————
Paul R. F. Schumacher
Plaintiff (Pro Se)

CERTIFICATE OF SERVICE I HEREBY CERTIFY that on May 7, 2018, a true and correct copy of the foregoing was submitted electronically to the Clerk of Court, which will serve copies to all counsel and parties of record registered to receive CM/ECF notification.