# US DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

Paul R. F. Schumacher,

*Plaintiff.*

v.                                                    Case No. 4:18-CV-00436

Capital Advance Solutions LLC
Charles Betta
Dan Logan,

*Defendants.*

## RESPONSE TO DEFENDANT'S REQUEST FOR EXTENSION

### I.  Introduction

Defense, having attempted to delay and evade service and having had access to the complaint and summons since February, now seeks to introduce further delay and should be denied as the shortness of time was entirely due to their actions.

### II.  Issues to Be Ruled Upon

<u>Extension Not Warranted</u> Defense requests a 14 day delay for its response under rule 6(b), but their arguments as to why they should be granted it stem entirely from their own delay to act, and should not be granted.

# III.  Argument

## A.  Background

- Mr. Devanny is currently representing Defendants in a similar federal case. (3:17-cv-13050)

- Mr. Devanny was given by Plaintiff a copy of all the documents to be served on his clients and a copy of requests to waive service in this case on or around 23-FEB-2018.

- Defendants were mailed requests to waive service at that time.

- Defendants refused to waive service.

- Defendants attempted to evade service, further delaying proceedings.

- After being served, Defense waited thirteen days to even file their motion for admission Pro Hac Vice.

Ergo, the defendants have known the contents of the service they received since February, their attorney has had the documents in his hand since that time and has had plenty of time to review them. Then, when successfully served, defense waited an additional time period to begin filings with this court.

## B.  Avoidable Delays Should not be Rewarded

Defense lays out the dates of service and the court's granting of their motion to appear, but fail to note that these were entirely of their own making. Defense and their attorneys have been aware of the documents they were served with since February and have had

plenty of time to review them. Additionally, their delay of thirteen of their twenty-one days of response before even filing a motion to appear is entirely their fault.

The court should not reward this behavior by granting them a further delay on proceedings. Rule 6(b), under which defense requests the extension, says that "the court may, for good cause, extend the time". It is hard to interpret defense's delay and procrastination as "good cause". Indeed, the motion to extend time doesn't give an actual reason to extend, just the bare dates of events, which as noted above, do not support a delay, but rather point to procrastination on their part.

## IV.  Conclusion

As defendants have created this time crunch for themselves, the court has no "good cause" to grant them an extension.

Dated: May 18, 2018

/s/Paul R. F. Schumacher
—————————————————
Paul R. F. Schumacher
Plaintiff (Pro Se)

CERTIFICATE OF SERVICE I HEREBY CERTIFY that on May 18, 2018, a true and correct copy of the foregoing was submitted electronically to the Clerk of Court, which will serve copies to all counsel and parties of record registered to receive CM/ECF notification.