IN THE UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS

Paul R. F. Schumacher,

              Plaintiff, pro se,

    v.

Capital Advance Solutions LLC, Charles
Betta, and Dan Logan,

              Defendants.

Civil Action No. 4:18-cv-00436

**DEFENDANT CHARLES BETTA'S
AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED**

Defendant Charles Betta, by and through the undersigned counsel of record, respectfully submits this Amended Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, defendant Charles Betta contends plaintiff Paul R. F. Schumacher's Complaint fails to allege facts sufficient to support a claim for relief under sections 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act, under Texas Code § 304.252, and against defendant Charles Betta. Defendant Charles Betta relies upon the accompanying Memorandum of Law in support of this Motion.

              Respectfully submitted,

              **KENT & MCBRIDE, P.C.**

              By: _____
                    Christopher D. Devanny, #3719
                    One Arin Park
                    1715 Highway 35, Suite 305
                    Middletown, New Jersey 07748
                    Phone: 732-326-1711
                    Email: cdevanny@kentmcbride.com
                    *Attorney for Defendant,*
                    *Charles Betta*

Dated: June 1, 2018

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that on June 1, 2018, a true and exact copy of this Motion was served upon the following individuals through the Court's electronic filing system:

> Paul R. F. Schumacher
> 1512 Oakview Street
> Bryan, Texas 77802
> Plaintiff, Pro Se

**KENT & MCBRIDE, P.C.**

Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com
*Attorney for Defendant,*
*Charles Betta*

Dated: June 1, 2018

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ............................................................... 5

II.    STATEMENT OF FACTS .................................................................... 5

III.   ARGUMENT ..................................................................................... 7

       A.     STANDARD OF REVIEW .......................................................... 7

       B.     Defendant Charles Betta is not subject to personal jurisdiction in the
              Southern District of Texas. ....................................................... 8

       C.     Plaintiff Paul R. F. Schumacher's Complaint fails to allege facts sufficient to
              support a claim for relief under sections 47 U.S.C. § 227(b) and 47 U.S.C.
              § 227(c) of the Telephone Consumer Protection Act. ................................. 11

       D.     Plaintiff's Complaint must be dismissed because the Complaint fails to
              alleges facts sufficient to support a claim for relief under Texas Code §
              304.252. .............................................................................. 16

       E.     Plaintiff's Complaint must be dismissed because it fails to allege facts
              sufficient to support a claim for relief against defendant Dan Logan. .......... 17

IV.    CONCLUSION ................................................................................. 19

## TABLE OF AUTHORITIES

**Supreme Court Cases:**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937, 1173 L. Ed. 2d 868 (2009) .......................... 7, 18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544,127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................. 7

**Federal Court Cases:**

*Baranski v. NCO Fin. Sys.,*
    2014 U.S. Dist. LEXIS 37880 ........................................................... 15

*Cantu v. Platinum Marketing Group,*
    2015 U.S. Dist. LEXIS 90824 ............................................................ 9

*Curry v. Synchrony Bank, N.A.,*
    2015 U.S. Dist. LEXIS 153131 .................................................... 14, 15

*Todd v. Am. Multi-Cinema, Inc.,*
    222 F.R.D. 118, 121 (5th Cir. 2003) ............................................ 7, 8

*Trumper v. GE Capital Retail Bank,*
    79 F. Supp. 3d 511 ...................................................................... 15

**Federal Statutes:**

47 U.S.C.
    § 227 (a) .............................................................................. 12
    § 227(b) .................................................. 5, 6, 11, 13, 14, 16, 18
    § 227(c) .................................................. 5, 6, 11, 12, 16, 18

47 C.F.R.
    § 64.2305 .......................................................................... 11, 12

**State Statutes:**

Texas Code
    § 304.252 ......................................................................... 5, 16, 18

**Rules:**

Federal Rules of Civil Procedure
    12(b)(6) ......................................................................... 5, 7, 8, 18

## PRELIMINARY STATEMENT

Plaintiff Paul R. F. Schumacher filed a Complaint against defendants Capital Advance Solutions LLC, Charles Betta and Dan Logan alleging he received a series of telemarketing calls, which attempted to sell him a business loan, despite the fact that plaintiff is on the national "do not call" registry.  Plaintiff contends the alleged telemarketing telephone calls constitute violations of sections 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), and violations of Texas Code § 304.252, among other FCC and FTC violations.

However, defendant Charles Betta is not subject to personal jurisdiction in the Southern District of Texas.  Moreover, plaintiff's Complaint fails to state facts sufficient to support a claim for relief.  Specifically, plaintiff's Complaint fails to allege facts from which a cause of action within sections 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) of the TCPA can be inferred. Plaintiff's Complaint also fails to allege facts from which a cause of action under Texas Code § 304.252 can be inferred.  Lastly, plaintiff's Complaint fails to allege facts sufficient to support a cause of action against defendant Charles Betta.

Accordingly, plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

1.      On or about February 13, 2018, plaintiff Paul R. F. Schumacher filed a Complaint against defendants Capital Advanced Solutions LLC, Charles Betta and Dan Logan alleging violations of sections 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) of the TCPA, and violations of Texas Code 304.252, among other FCC and FTC violations.  A

copy of plaintiff's Complaint is attached hereto as Exhibit A.

2.      Plaintiff's Complaint arises from a series of ten alleged telemarketing calls received by plaintiff on his cellular telephone two-and-one-half years ago.  See Exhibit A.

3.      Plaintiff claims he determined "via investigative technique" that the alleged telemarketing calls were made by or on behalf of defendant Capital Advance Solutions LLC.  See Exhibit A.

4.      Plaintiff contends the alleged telemarketing calls contained a prerecorded message which attempted to sell him a business loan, despite the fact that he is on the national "do not call" registry and had no prior relationship with defendants Capital Advance Solutions LLC, Charles Betta or Dan Logan.  See Exhibit A.

5.      Plaintiff contends the alleged telemarketing calls violated sections 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) of the TCPA, and Texas Code 304.252, among other FCC and FTC violations.  See Exhibit A.

6.      Plaintiff specifically alleges defendants spoofed their caller ID and failed to properly identify their business at the start of the call or when asked.  See Exhibit A.

7.      Plaintiff asserts defendant Charles Betta is personally liability because he is the President of Capital Advance Solutions LLC and he created and implemented "a business strategy reliant on unlawful actions to [his] personal enrichment."  See Exhibit A.

8.      Plaintiff further alleges that causing or directing telephones calls to be made in violation of the TCPA, and the TCPA's implementations and regulations, results in liability equal to actually placing the telephone calls.  See Exhibit A.

9.      Plaintiff claims defendants mocked him when he followed-up with defendants and inquired into their compliance with the TCPA. See Exhibit A.

6

10.     As a result, plaintiff seeks statutory and treble damages of three thousand five hundred dollars ($3,500.00) for each alleged telemarketing call. See Exhibit A.

## LEGAL ANALYSIS

### Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to file a motion to dismiss for failure to state a claim upon which relief can be granted prior to filing a responsive pleading. Specifically, Rule 12(b)(6) "permits a defendant to move to dismiss an action on the grounds that the plaintiff failed to state a cognizable claim" for relief. Todd v. Am. Multi-Cinema, Inc., 222 F.R.D. 118, 121 (5th Cir. 2003).

Rule 12(b)(6) "'tests the legal sufficiency of the claims advanced in the [plaintiff's] complaint." Ibid. (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ibid. (citation omitted).

A court will grant a Rule 12(b)(6) motion to dismiss when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." Todd, supra, 222 F.D.R. at 121 (citation omitted).  "In considering a motion to dismiss under [Rule] 12(b)(6), the Court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations in the pleader's favor." Ibid. (citation omitted).  A court's treatment of a Rule 12(b)(6) motion is therefore "limited to the four corners of the complaint." Ibid. (citation omitted).  "The appropriate query concerning motions to dismiss under [Rule] 12(b)(6) is whether the plaintiff is entitled to offer evidence in support of [his or] her claim." Ibid. (citation omitted).  "[T]o survive a [Rule] 12(b)(6) motion to dismiss, the plaintiff must plead specific facts, not mere conclusory allegations." Id. at 122 (citations omitted).

## POINT ONE

### Defendant Charles Betta Is Not Subject To Personal Jurisdiction In The Southern District Of Texas.

Plaintiff Paul R. F. Schumacher's Complaint must be dismissed against defendant Charles Betta because Charles Betta is not subject to personal jurisdiction in the Southern District of Texas.  Plaintiff alleges Charles Betta is subject to personal jurisdiction in Texas because, in his capacity as President of Capital Advance Solutions LLC, Charles Betta conducted a telemarketing campaign in Texas, including in the Southern District of Texas where plaintiff resides and where plaintiff received the alleged telemarketing calls.  See Exhibit A.  Plaintiff is incorrect.

First, plaintiff has plead insufficient information within his Complaint to establish he received telemarketing calls and that such calls were placed by or on behalf of defendant Capital Advance Solutions LLC.  Second, defendant Charles Betta did not call or direct anyone to place telemarketing calls to plaintiff, and plaintiff's Complaint is void of facts that

8

indicate otherwise.  See the Affidavit of Charles Betta attached hereto as <u>Exhibit B</u>.

Moreover, even if plaintiff demonstrates the alleged telemarketing calls were, in fact, placed to his cell phone, that fact alone is insufficient to establish personal jurisdiction.  In <u>Cantu v. Platinum Marketing Group</u>, 2015 U.S. Dist. LEXIS 90824, the plaintiff brought suit against the defendant for calls made to the plaintiff's cell phone in violation of the TCPA.  In considering the plaintiff's motion for entry of default, the District Court for the Southern District of Texas concluded it lacked personal jurisdiction over the defendant.

The plaintiff argued the Court had personal jurisdiction over the defendant because the defendant knew the plaintiff was a resident of Texas when it called the plaintiff, as the plaintiff's telephone number includes an area code associated with Texas.  The plaintiff further argued that placing a call to a cellular telephone number with a Texas area code constitutes a sufficient minimum contact to establish personal jurisdiction because, by placing the call, the defendant purposely directed itself towards activities in Texas or purposely availed itself of the privileges of conducting activities in Texas.  The Court rejected these arguments.

The Court reasoned that a cell phone prefix, unlike a land line prefix, is not dispositive of residency, domicile or location of the cell phone owner.  The Court emphasized the increasing number of people who keep their cell phone numbers despite moving from state to state, unfettering a number's area code from its owner's state of residence.  The Court found there was no evidence to prove the defendant knew the plaintiff was a Texas resident, and the fact that the defendant may have called a cell phone number associated with a Texas area code did not, standing alone, establish the

defendant's purposeful availment of the benefits and protections of Texas law.

Here, similarly, plaintiff argues personal jurisdiction over defendant Charles Betta is proper because, in his capacity as President of Capital Advance Solutions LLC, Charles Betta conducted a telemarketing campaign in Texas, where plaintiff resides and where plaintiff received the alleged telemarketing calls. However, as previously stated, plaintiff has plead insufficient information to establish the alleged telemarketing calls were placed by or on behalf of defendant Capital Advance Solutions LLC. Plaintiff has also plead insufficient information to establish defendant Charles Betta placed the alleged telemarketing calls or directed the alleged telemarketing calls to be made.

Moreover, Charles Betta does not know plaintiff, nor where plaintiff lives. Even if plaintiff could prove the alleged telemarketing calls he received were placed by or on behalf of defendant Capital Advance Solutions LLC, the prefix associated with plaintiff's cellular telephone number, unlike the prefix associated with a land line, is not dispositive of plaintiff's residence, domicile or location. Thus, a telephone call placed to plaintiff's cell phone cannot be a predicate for personal jurisdiction.

Lastly, there is no evidence that defendant Charles Betta has any ties to the State of Texas. To the contrary, Charles Betta does not own property in Texas or have any business or personal contacts with the State of Texas. See Exhibit B. Thus, the Southern District Court of Texas does not have personal jurisdiction over defendant Charles Betta. Accordingly, Charles Betta respectfully requests the Court grant the within Motion to Dismiss plaintiff's Complaint.

## POINT TWO

**Plaintiff's Complaint Must Be Dismissed Because It Fails
To Allege Facts Sufficient To Support A Claim For Relief Under
Sections 47 <u>U.S.C.</u> § 227(b) and 47 <u>U.S.C.</u> § 227(c)
Of The Telephone Consumer Protection Act.**

Plaintiff Paul R. F. Schumacher's Complaint must be dismissed because the Complaint fails to alleges facts sufficient to support a claim for relief under sections 47 <u>U.S.C.</u> § 227(b) and 47 <u>U.S.C.</u> § 227(c) of the TCPA.

First, plaintiff asserts defendants Capital Advance Solutions LLC, Charles Betta and Dan Logan violated section 47 <u>U.S.C.</u> § 227(c) of the TCPA because defendants placed or directed telemarketing calls to plaintiff's cellular telephone despite the fact that plaintiff is on the national "do not call" registry and had no prior relationship with defendants.

Section 47 <u>U.S.C.</u> § 227(c) of the TCPA protects subscriber privacy rights. Section 47 <u>U.S.C.</u> § 227(c)(1) explicitly protects the right of residential telephone subscribers[1] "to avoid receiving telephone solicitations to which they object." Section 47 <u>U.S.C.</u> § 227(c)(3) indicates the "operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and parts thereof available for purchase" may be required as part of the TCPA's regulations.  Section 47 <u>U.S.C.</u> § 227(c)(5) reserves a private right of action for any person who has received more than one telephone call within any twelve-month period in violation of the regulations prescribed within the TCPA.

Additionally, section 47 <u>U.S.C.</u> § 227(b)(1)(C)(i) makes it unlawful for any person "to use any telephone facsimile machine, computer or other device to send, to a telephone

---

[1] 47 <u>C.F.R.</u> § 64.2305(d) defines "residential subscriber" to mean "a subscriber to a telephone exchange service that is not a business subscriber."

11

facsimile machine, an unsolicited advertisement unless . . . the unsolicited advertisement is from a sender with an established business relationship with the recipient." Section 47 U.S.C. § 227(a)(2) defines "established business relationship" to include "a relationship between a person or entity and a business subscriber. . . ."[2]

Section 47 U.S.C. § 227(c)(5) states:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

>> (A)    an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

>> (B)    an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

>> (C)    both such actions.

> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

In the present case, plaintiff's Complaint alleges plaintiff received ten telemarketing

---

[2] 47 C.F.R. § 64.2305(b) defines "business subscriber" to mean "a subscriber to telephone exchange service for business."

calls, which attempted to sell him a business loan, from defendant Capital Advance Solutions LLC, despite the fact that plaintiff is on the national "do not call" registry and had no prior relationship with Capital Advance Solutions LLC, or Charles Betta and Dan Logan. Plaintiff does not, however, provide any support for his contention that Capital Advance Solutions LLC placed or directed the alleged telemarketing calls to plaintiff.   Instead, plaintiff merely states that "via investigative technique," he was able to successfully identify Capital Advance Solutions LLC as the business behind the calls.

Plaintiff does not elaborate on what his "investigative technique" was, or what information he obtained that linked Capital Advance Solutions LLC to the telemarketing calls.  Notably, plaintiff fails to indicate on what telephone number he  received the calls or from what telephone number the calls were received.  Plaintiff provides no support for his contention that he is on the national "do no call" registry or that defendant Charles Betta knew, or had any reason to know, plaintiff was on said registry.   The limited information provided in plaintiff's Complaint is not enough to infer a plausible claim for relief.  See Ashcroft, supra, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884.

Second, plaintiff asserts Charles Betta violated section 47 U.S.C. § 227(b) of the TCPA because the alleged telemarketing calls contained a prerecorded message.

Section 47 U.S.C. § 227(b) of the TCPA places restrictions on the use of automated telephone equipment.  Specifically, section 47 U.S.C. § 227(b)(1)(B) makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the

13

call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)[.]" Section 47 U.S.C. § 227(b)(3) permits any person or entity, if otherwise permitted by law or court rule, to bring an action, including an action to recover monetary damages, for a violation of section 47 U.S.C. § 227(b) of the TCPA.

In the present case, plaintiff states the alleged telemarketing calls placed to his cellular telephone contained a prerecorded message. However, plaintiff does not indicate how he came to concluded that the alleged messages were prerecorded.

In Curry v. Synchrony Bank, N.A., 2015 U.S. Dist. LEXIS 153131, attached hereto as Exhibit B, the plaintiff claimed the defendant "attempted to collect a debt by placing multiple calls to her cellular telephone" and, based upon the timing and frequency of said telephone calls, the calls were placed using an automatic telephone dialing system. Id. at 1 to 2. In response, the defendant moved to dismiss the plaintiff's Complaint, and argued the plaintiff failed to allege facts sufficient to support a claim under the TCPA. Id. at 2. The defendant specifically argued the plaintiff's allegations were insufficient to make it plausible that the defendant utilized an automatic telephone dialing system to call the plaintiff. Ibid.

The plaintiff argued in opposition that she "need not allege any facts to support an allegation that an [automatic telephone dialing system] was used by [the] defendant", but was only required to allege the calls were placed using such a system. Id. at 4. The Fifth Circuit disagreed and held the plaintiff's "bare allegation that [the] defendant used an [automatic telephone dialing system was] not enough." Ibid.

14

The Fifth Circuit ultimately granted the defendant's motion to dismiss and reasoned that while a plaintiff "cannot be expected to provide specific details about the type of dialing systems used to deliver the calls they receive, it is entirely reasonable to demand that [a plaintiff] provide sufficient information about the timing and content of the calls they receive to give rise to a reasonable belief that an [automatic telephone dialing system] was used." Id. at 5 to 6 (citation omitted).

Other Federal Courts have made similar findings. See Trumper v. GE Capital Retail Bank, 79 F. Supp. 3d 511, attached hereto as Exhibit C, (granting the defendant's motion to dismiss because, among other reasons, the plaintiff's Amended Complaint said "nothing about the calls [the plaintiff] received" and "provided no factual allegations suggesting that . . . the voice on the other end of the line was prerecorded"); and see Baranski v. NCO Fin. Sys., 2014 U.S. Dist. LEXIS 37880, attached hereto as Exhibit C, (dismissing the plaintiff's Complaint because, among other reasons, the Complaint contained no factual allegations permitting the inference that the defendant used an automatic telephone dialing system).

Here, although plaintiff's Complaint lists the time and date each alleged telemarketing call was received, the Complaint is completely devoid of any information with respect to the content of the alleged telemarketing calls, from what telephone number plaintiff received the calls, or that the calls received were from Capital Advance Solutions LLC and placed by or at the direction of defendant Charles Betta.

Similar to the plaintiff in Curry, plaintiff Paul R. F. Schumacher "has not provided sufficient contextual details to determine whether [he] spoke to a human or merely heard

a recording upon picking up the phone." Id. at 5 (citation omitted).  Additionally, like the plaintiff in Curry, if plaintiff Paul R.F. Schumacher spoke to a human, he "has not indicated whether [he] heard a human voice immediately upon picking up [his] phone, or whether there was a significant period of 'dead air', which is generally indicative of the use of [an] automated dialer." Ibid. (citation omitted).

Like the facts presented by the plaintiff in Curry, plaintiff Paul R. F. Schumacher has failed to plead facts from which the Court can infer defendant Charles Betta actually placed or directed the alleged telemarketing calls to be placed to plaintiff, or that the alleged telemarketing calls contained a prerecorded message attempting to sell a business loan.

Accordingly, defendant Charles Betta respectfully requests the Court grant the within Motion to Dismiss because plaintiff's Complaint fails to state facts sufficient to support a claim for relief under sections 47 U.S.C. § 227(b) and (c) of the TCPA.

## POINT THREE

### Plaintiff's Complaint Must Be Dismissed Because It Fails To Allege Facts Sufficient To Support A Claim For Relief Under Texas Code § 304.252.

Plaintiff's Complaint must be dismissed because the Complaint fails to alleges facts sufficient to support a claim for relief under Texas Code § 304.252.

Texas Code Chapter 304 pertains to telemarketing.  Subchapter B is related to the Texas No-Call List, Subchapter C is related to facsimile transmissions, and Subchapter D is related to caller identification.  The specific portion of the code to which plaintiff cites in his Complaint outlines how the above-mentioned subchapters may be enforced by the

16

Attorney General.

Texas Code § 304.252 states:

(a)     Except as provided by Section 304.253, the attorney general may
        investigate violations of Subchapters B, C, and D and file civil
        enforcement actions seeking:

        (1)     a civil penalty in an amount not to exceed $1,000 for each violation,
                except as provided by Subsection (b);

        (2) injunctive relief; and

        (3) attorney's fees.

(b)     If the court finds the defendant wilfully or knowingly violated Subchapter
        B, C, or D, the court may increase the amount of the civil penalty to an
        amount not to exceed $3,000 for each violation.

(c)     A violation of Subchapter B, C, or D is subject to enforcement action by
        the attorney general's consumer protection division under Sections 17.47,
        17.58, and 17.61.

Texas Code § 304.252 is therefore not relevant to plaintiff's individual ability to

recover damages from defendant Charles Betta.  Accordingly, Charles Betta respectfully

requests this Court grant the within Motion to Dismiss because plaintiff's Complaint fails

to state facts sufficient to support a claim for relief under Texas Code § 304.252.

### POINT FOUR

**Plaintiff's Complaint Must Be Dismissed Because It Fails
To Allege Facts Sufficient To Support A Claim For Relief
Against Defendant Charles Betta.**

Plaintiff's Complaint must be dismissed because the Complaint fails to allege facts

sufficient to support a claim for relief against defendant Charles Betta.

Within his Complaint, plaintiff states defendant Charles Betta is personally liable in

his capacity as the President of defendant Capital Advance Solutions LLC because Charles Betta created and implemented "a business strategy reliant on unlawful actions to [his] personal enrichment." See Exhibit A. Plaintiff's Complaint also alleges that causing or directing telephones calls to be made in violation of the TCPA and the TCPA's implementations and regulations results in liability equal to actually placing the telephone calls. See Exhibit A.

As previously stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, supra, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884. Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ibid.

In the present case, plaintiff's Complaint states nothing more than general assumptions about defendant Charles Betta and the role he played with respect to the alleged telemarketing calls plaintiff received.  Plaintiff does not state any facts to substantiate his presumption that Charles Betta created and implemented a business strategy "reliant on unlawful actions to [his] personal enrichment", nor does plaintiff state any specific facts to corroborate his notion that Charles Betta caused or directed calls to be made in violation of the TCPA.  The statements made regarding the individual liability of Charles Betta constitute nothing more than bald assertions void of supporting evidence.

Additionally, plaintiff alleges defendants mocked him when he "followed-up with

18

defendants and asked about their TCPA compliance," but fails to state with whom he spoke or the contents and outcome of the conversations.

Accordingly, plaintiff's Complaint must be dismissed because the Complaint fails to alleges facts sufficient to support a claim for relief against defendant Charles Betta.

## CONCLUSION

For the foregoing reasons, defendant Charles Betta respectfully requests the Court grant the within Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), as defendant Charles Betta is not subject to personal jurisdiction in Texas, and as plaintiff Paul R. F. Schumacher's Complaint fails to allege facts sufficient to support a claim for relief under sections 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c) of the TCPA, under Texas Code § 304.252, and against defendant Charles Beta.

Respectfully submitted,

**KENT & MCBRIDE, P.C.**

By:  _____
Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com
*Attorney for Defendant,*
*Charles Betta*

Dated: June 1, 2018

19