# EXHIBIT A

# US DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

Paul R. F. Schumacher,
                    *Plaintiff*,
        v.
Capital Advance Solutions LLC
Charles Betta
Dan Logan,
                    *Defendants*.

Case No.

## COMPLAINT FOR A CIVIL CASE

I.  Parties to This Complaint

   A.  The Plaintiff

   Name: Paul R. F. Schumacher
   Address: 1512 Oakview St. Bryan, TX 77802
   Email Address: Paul.R.F.Schumacher@gmail.com

   B.  Defendants

   Defendant No 1:
   Name: Capital Advance Solutions LLC
   Address: 1715 NJ-35, Middletown, NJ 07748
   Phone: (732) 865-805
   .
   Defendant No 2:

1  Name: Charles Betta
2  Title: President
3  Address: 208 Marina Drive, Highlands, NJ 07732
4  .
5  Defendant No 3:
6  Name: Dan Logan
7  Title: CFO
8  Address: via Company
9
10
11  II.  Basis for Jurisdiction
12
13      47 USC 227 (b)3 and (c)5 establish a right of private actions for citizens who have
14  received telemarketing calls in contravention of those sections. These actions simultaneously
15  violated TX Code 304.252, and that cause is is brought as a concommitant action. Plaintiff
16  resides in this court's district, and the cause of action is a federal question. Therefore, per
17  28 USC 1331, this court is the appropriate venue. The court has personal jurisdiction over
18  the defendants as they conducted business (their telemarketing campaign) in this district
19  and state, making them subject to both the state law and this court's jurisdiction on the
20  federal question.
21
22  III.  Statment of Claims
23
24      Paul R. F. Schumacher (Plaintiff) alleges the following facts of this case:
25  1.    Plaintiff received a series of at least 10 telemarketing calls attempting to sell Plaintiff
26        a business loan. (all times CST)
27        15-Sep-15 9:46
28        30-Nov-15 14:36

| | |
|---|---|
| 1 | 20-Jan-16 9:27 |
| 2 | 8-Feb-16 12:27 |
| 3 | 15-Feb-16 10:30 |
| 4 | 8-Mar-16 11:54 |
| 5 | 17-Mar-16 13:59 |
| 6 | 18-Mar-16 9:44 |
| 7 | 30-Mar-16 9:12 |
| 8 | 5-Apr-16 11:16 |

2. Plaintiff is on the national do not call registry, and has no prior relationship with the defendants, thus the calls were in violation of 47 USC 227 (c) and implementing rules and regulations.

3. The above is also a violation of TX Code 304.252.

4. The calls were a pre-recorded message made to Plaintiff's cell phone, thus the calls were in violation of 47 USC 227 (b) and implementing rules and regulations.

5. The proceeding three violations are all explicitly given private cause of action in their appropriate sections.

6. The calls also violated other FCC, FTC, and Texas regulations, including spoofing their caller ID and failing to properly identify the business when asked or at the start of the call. The former constitutes a fraudulent and unlawful act in support, and the latter is an unlawful act in support of the primary causes of action, and plaintiff asserts harm from these unlawful acts taken to aid and abet the primary causes of action.

7. Via investigative technique, Plaintiff successfully identified that the calls were being made by or on the behalf of Capital Advance Solutions, LLC.

8. Plaintiff asserts personal liability by the company president and CFO for creating and implementing a business strategy reliant on unlawful actions to their personal enrichment. Under the TCPA (47 USC 227), causing or directing calls to be made in violation of these laws and their implementing regulations incurs liability equal to actually making the calls.

9. The BBB and various telemarketing complaint sites list many complaints about the practices by the defendants.

10. When Plaintiff followed up with defendants and asked about their TCPA compliance, they mocked plaintiff for complaining and refused to take responsibility for their violations. Plaintiff alleges that this response in addition to the numerous other complaints over the years shows that defendants are well aware of their actions and are wilfully violating the law.

IV. Relief Sought

1. 227 USC (b) 3 specifies a claim for $500 per call, triple for willful violations.

2. 227 USC (c) 5 specifies a separate claim for $500 per call, triple for willful violations.

3. TX Code 304.252 specifies a claim for $500 per call.

The above amounts come to $3500 per call. The standard penalty for fraudulent actions taken to aid and abet unlawful behaviour is equal to the damages for the unlawful behavior

itself, which comes to another $3500 per call. At 9 calls being litigated, this results in $63000 in statutory and punitive damages.

## V. Certification

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: February 8, 2018

Paul R. F. Schumacher
Plaintiff (Pro Se)