# EXHIBIT C

 Cited
As of: May 18, 2018 9:45 PM Z

## Curry v. Synchrony Bank, N.A.

United States District Court for the Southern District of Mississippi, Southern Division

November 12, 2015, Decided; November 12, 2015, Filed

CAUSE NO. 1:15CV322-LG-RHW

**Reporter**
2015 U.S. Dist. LEXIS 153131 *; 2015 WL 7015311

CHRISTIE CURRY, PLAINTIFF v. SYNCHRONY BANK, N.A., DEFENDANT

## Core Terms

allegations, amend, telephone, dialing

**Counsel:** [*1] For Christie Curry, Plaintiff: Shireen Hormozdi, LEAD ATTORNEY, KROHN AND MOSS, LTD. - Los Angeles, Los Angeles, CA.

For Synchrony Bank, N.A., Defendant: Benjamin D. West, LEAD ATTORNEY, REED SMITH, LLP - Houston, Houston, TX.

**Judges:** Louis Guirola, Jr., Chief United States District Judge.

**Opinion by:** Louis Guirola, Jr.

## Opinion

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

BEFORE THE COURT is the [5] Motion to Dismiss filed by Defendant Synchrony Bank, N.A. pursuant to *Federal Rule of Civil Procedure 12(b)(6)*. The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be denied. Plaintiff Christie Curry's allegations do not raise a right to relief above the speculative level under the Telephone Consumer Protection Act (TCPA), *47 U.S.C. § 227*. However, the Court will allow Curry to amend her Complaint within fourteen days to attempt to cure the deficiencies therein.

### BACKGROUND

Curry claims that Defendant Synchrony Bank attempted to collect on a debt by placing multiple calls to her cellular telephone. (*See* Compl. 2 (¶¶ 8-10), ECF No. 1). She contends that "[b]ased upon the timing and frequency of [the Bank]'s calls and per its prior business practices, [the] calls were placed [*2] with an automated dialing system ('auto-dialer')." (*See Id.* (¶11)). Curry alleges that she requested on two occasions that the calls stop, and "revoked any consent, express or implied, to receive automated collection calls from" the Bank, but the Bank continued to place at least one hundred and ninety (190) automated collection calls to [her] on a near-daily basis between February, 2015 and June, 2015." (*See Id.* at 2-3 (¶¶ 12-15)). She seeks statutory damages pursuant to the provisions of the TCPA.

The Bank argues that Curry has failed to allege sufficient facts to support a TCPA claim, and, instead, that her "claims are based on nothing more than conclusory allegations that [the Bank] engaged in prohibited conduct." (Def. Mem. 1, ECF No. 6). The Bank contends that Curry's allegations are insufficient to make it plausible that the Bank used an automatic telephone dialing system, which is one of the requirements to state a claim under the TCPA.

Curry has opposed the Motion to Dismiss, contending that other courts have found allegations such as hers sufficient to state a claim for relief under the TCPA. Alternatively, she requests that the Court allow her to amend her Complaint.

### THE LEGAL STANDARD [*3]

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts "as true the well-pleaded factual allegations in the complaint and construe[s] the complaint in the light most favorable to the plaintiff." Herrmann Holdings Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 557 (5th Cir. 2002). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

### DISCUSSION

The TCPA "makes it unlawful to use an automatic telephone dialing system . . . without the prior express consent of the called party, to call any . . . cellular telephone . . . ." See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012) (citing 47 U.S.C. § 227(b)(1)(A)). For TCPA purposes, an automatic telephone dialing system (ATDS) "means equipment which has the capacity . . . to store [*4] or produce telephone numbers to be called, using a random or sequential number generator[,] and to dial such numbers." See 47 U.S.C. § 227(a)(1).

The Court has found no binding precedent within the Fifth Circuit with respect to the types of allegations required to raise a right to relief above the speculative level in a TCPA action. Curry argues that "numerous courts have held that a plaintiff need not allege *any* facts to support an allegation that an ATDS was used by a defendant; rather a plaintiff need only allege that the calls were placed with an ATDS in order to sufficiently plead a claim." (Pl.'s Mem. 3, ECF No. 8). The majority of courts to have considered the issue, though, have found that a plaintiff's bare allegation that a defendant used an ATDS is not enough. See, e.g., Martin v. Direct Wines, Inc., No. 15 C 757, 2015 U.S. Dist. LEXIS 89015, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015); Trumper v. GE Capital Retail Bank, 79 F. Supp. 3d 511, 513 (D.N.J. 2014); Jones v. FMA Alliance Ltd., 978 F. Supp. 2d 84, 86-87 (D. Mass. 2013). The Court finds these and similar cases to be more persuasive than those Curry cites for much the same reasons as the district court in Aikens v. Synchrony Fin. d/b/a Synchrony Bank, No. 15-10058, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911 (E.D. Mich. July 31, 2015), a case in which the plaintiff was represented by the same law firm representing Curry in this action, and in which the plaintiff made nearly identical arguments to those made here. See 2015 U.S. Dist. LEXIS 115467, [WL] at *2-4, report and recommendation adopted, 2015 U.S. Dist. LEXIS 115023, 2015 WL 5818860, at *1 (E.D. Mich. August 31, 2015).

Regardless, Curry contends that she has done more than allege [*5] merely that the Bank used an ATDS because she "alleged that she received one hundred and ninety (190) automated collection calls from [the Bank] on a near-daily basis over an approximate five-month period," (Pl.'s Mem. 4, ECF No. 8). However, "[w]hile plaintiffs cannot be expected to provide specific details about the type of dialing systems used to deliver the calls they receive, it is entirely reasonable to demand that plaintiffs provide sufficient information about the timing *and content* of the calls

they receive to give rise to the reasonable belief that an ATDS was used." *See Aikens, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911, at \*4* (emphasis added).

Curry "has not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone." *See Id.* "If she spoke to a human, she has not indicated whether she heard a human voice immediately upon picking up her phone, or whether there was a significant period of 'dead air,' which is generally indicative of the use of a automatic dialer." *Id.* "[Curry]'s allegations permit the Court to infer that she received a great number of calls from [the Bank]'s number, but no allegations . . . permit an inference that [the Bank] used an ATDS to accomplish [\*6] these calls." *See Id.* "To surmount this threshold, [Curry] could plead those facts which are likely within her knowledge, but which she has not included in her complaint . . . ." *See Id.* This would include "the content of [the] calls, whether she spoke to a human, whether there was dead air prior to a human picking up the line, or any other facts which may tend to make the use of an ATDS more likely." *See Id.*; *see also, e.g., Martin, 2015 U.S. Dist. LEXIS 89015, 2015 WL 4148704, at \*2; Jones, 978 F. Supp. 2d at 86-87.*

"Because these facts were not alleged in her complaint, [Curry] has not stated a plausible claim for relief under the TCPA § 227," and the Bank's Motion will be granted. *See Aikens, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911, at \*4*; *see also Crawford v. Target Corp., No. 3:14-cv-0090-B, 2014 U.S. Dist. LEXIS 159203, 2014 WL 5847490, at \*3-4 (N.D. Tex. Nov. 10, 2014)* (denying motion to dismiss TCPA action where, *inter alia*, the plaintiff "indicated the reasons for her contention that [the d]efendant employed an ATDS in calling her"). However, although the Bank requests a dismissal with prejudice, the Court will allow Curry an opportunity to amend her Complaint to attempt to cure the identified deficiencies. *See, e.g., Martin, 2015 U.S. Dist. LEXIS 89015, 2015 WL 4148704, at \*2.* The Bank offers little, if any, persuasive opposition to the request to amend, this action is in its early stages, and this is Curry's first request to amend. *See,* [\*7] *e.g., Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 678 (5th Cir. 2013)* (discussing factors to be considered for a request to amend). Furthermore, it is well-settled in this Circuit that leave to amend should be freely given. *See Id.*

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [5] Motion to Dismiss filed by Defendant Synchrony Bank, N.A. is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Christie Curry's request to amend her Complaint is **GRANTED**. Plaintiff Curry is ordered to file an Amended Complaint within fourteen (14) days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 12th day of November, 2015.

/s/ Louis Guirola, Jr.

Louis Guirola, Jr.

Chief United States District Judge

End of Document

Caution
As of: May 18, 2018 9:36 PM Z

## *Trumper v. GE Capital Retail Bank*

United States District Court for the District of New Jersey

July 7, 2014, Decided; July 7, 2014, Filed

Civ. No. 2:14-cv-01211 (WJM)

**Reporter**
79 F. Supp. 3d 511 *; 2014 U.S. Dist. LEXIS 91624 **

JESSICA TRUMPER, Plaintiff, v. GE CAPITAL RETAIL BANK; and DOES 1-10, inclusive, Defendants.

## Core Terms

allegations, telephone, dialing

**Counsel:** For JESSICA TRUMPER, Plaintiff: SOFIA BALILE [**1] , LEAD ATTORNEY, LEMBERG AND ASSOCIATES, STAMFORD, CT.

For GE CAPITAL RETAIL BANK, Defendant: NANA JAPARIDZE, LEAD ATTORNEY, REED SMITH LLP, NEW YORK, NY.

**Judges:** WILLIAM J. MARTINI, United States District Judge.

**Opinion by:** WILLIAM J. MARTINI

## Opinion

[*512] **WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Jessica Trumper alleges that she received unsolicited calls from Defendant GE Capital Retail Bank ("GE"), in violation of the Telephone Consumer Protection Act. GE moves to dismiss Trumper's Amended Complaint pursuant to *Federal Rule of Civil Procedure 12(b)(6)*. There was no oral argument. *Fed. R. Civ. P. 78(b)*. For the reasons set forth below, GE's motion is **GRANTED**.

The Amended Complaint alleges as follows: Beginning in early January 2014, Plaintiff Jessica Trumper received calls on her cellular phone. Am. Compl. ¶ 8, ECF No. 11. The calls were placed from two telephone numbers that are assigned to or used by GE. *Id.* ¶ 10. When Plaintiff answered the phone, the caller advised that the call was for Enid Gonzales. *Id.* ¶ 11. Plaintiff alleges that the voice on the other end of the line was prerecorded or artificial. *Id.* In the alternative, Plaintiff alleges that the calls were placed by an automated telephone dialer system. *Id.* ¶ 8.

On at least two [**2] separate occasions, Trumper called GE, explained that she was not Enid Gonzales, and asked that GE stop calling. *Id.* ¶ 12. A GE representative told Trumper that it could not remove her number from the Enid Gonzales account without the consent of Enid Gonzales. *Id.* ¶ 13. After Trumper filed a complaint with GE, GE continued to call "at a repeated rate for successive days in a row." *Id.* ¶¶ 14-17.

On February 25, 2014, Trumper filed a two-count Complaint against GE. ECF No. 1. Count 1 alleged a violation of the Telephone Consumer Protection Act ("TCPA"), *47 U.S.C. § 227 et seq.* Count 2 alleged common law invasion of privacy by intrusion upon seclusion. After GE moved to dismiss, Trumper withdrew her common law count and filed a one-count Amended Complaint, again asserting violations of the TCPA. ECF No. 11. On June 13, 2014, GE moved to dismiss the Amended Complaint pursuant to *Federal Rule of Civil Procedure 12(b)(6)*. ECF No. 13.

79 F. Supp. 3d 511, *512; 2014 U.S. Dist. LEXIS 91624, **2

*Federal Rule of Civil Procedure 12(b)(6)* provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)*. In deciding a motion to dismiss under *Rule 12(b)(6)*, a court must take all allegations in the complaint as true [**3] and view them in the light most favorable to the plaintiff. See *Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)*; *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998)*.

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. To comply with *Federal Rule of Civil Procedure 8(a)*, factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." See *Id. at 570*; see also *Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008)*. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (citing *Twombly, 550 U.S. at 556*). [*513] While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal, 556 U.S. at 678*.

GE argues that Trumper's TCPA claim fails under *Twombly* and *Iqbal*. The Court agrees. The TCPA prohibits certain calls that are made using an "automatic telephone dialing system or an artificial or prerecorded voice." *47 U.S.C. § 227(b)(1)(A)*. Under the statute, an automatic telephone dialing system means "equipment which has the capacity to (A) store or produce telephone numbers [**4] to be called, using a random or sequential number generator; and (B) to dial such numbers," *47 U.S.C. § 227(a)(1)*. GE argues that Trumper's TCPA claim fails under *Twombly* and *Iqbal* because Trumper makes only conclusory allegations that GE placed calls using an automatic telephone dialing system or an artificial or prerecorded voice. This argument is well taken. The Amended Complaint says nothing about the calls Trumper received, save that the caller was looking for Enid Gonzales. Notably, the Amended Complaint provides no factual allegations suggesting that that the voice on the other end of the line was prerecorded. As such, this case is unlike *Connelly v. Hilton Grand Vacations Co., LLC, No. 12-cv-599, 2012 U.S. Dist. LEXIS 81332, 2012 WL 2129364, at *1 (S.D. Cal. June 11, 2012)*, which denied a motion to dismiss a TCPA claim where the plaintiff alleged that "[t]he calls had a delay prior to a live person speaking to Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the phone) . . . ." Also, while the Amended Complaint takes the position that the calls were placed using an automatic telephone dialing system-a random number or sequential number generator-it appears that the calls were directed at Enid Gonzales, who apparently has an account with GE. Accordingly, it appears that the calls were not [**5] random. As such, the Court will **GRANT** the motion to dismiss.

In other circumstances, the Court might dismiss the Amended Complaint without prejudice. In this case, however, Plaintiff has already amended her pleading once, and despite being given a second bite at the apple, she has been unable to cure the deficiencies in her original Complaint. This suggests that further amendment would be futile. Accordingly, the dismissal will operate *WITH PREJUDICE. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)* (citing *Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000))* ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."). An appropriate order follows.

/s/ William J. Martini William J. Martini

**WILLIAM J. MARTINI WILLIAM J. MARTINI, U.S.D.J.**

Date: July 7, 2014

**ORDER**

79 F. Supp. 3d 511, *513; 2014 U.S. Dist. LEXIS 91624, **5

**THIS MATTER** comes before the Court on Defendant's motion to dismiss; for the reasons set forth in the accompanying opinion; and for good cause appearing;

**IT IS** on this 7th day of July 2014, hereby,

**ORDERED** that Defendant's motion is **GRANTED**; and it is further

**ORDERED** that Count 1 is **DISMISSED WITH PREJUDICE.**

/s/ William J. Martini William J. Martini

**WILLIAM J. MARTINI WILLIAM J. MARTINI, U.S.D.J.**

End of Document

 Positive
As of: May 18, 2018 9:32 PM Z

## *Baranski v. NCO Fin. Sys.*

United States District Court for the Eastern District of New York

March 21, 2014, Decided; March 21, 2014, Filed

13 CV 6349 (ILG) (JMA)

**Reporter**
2014 U.S. Dist. LEXIS 37880 *

BARANSKI, et al., Plaintiffs, - against - NCO FINANCIAL SYSTEMS, INC., Defendant.

**Subsequent History:** Motion denied by *Baranski v. NCO Fin. Sys., 2014 U.S. Dist. LEXIS 54321 (E.D.N.Y., Apr. 18, 2014)*

## Core Terms

amend, telephone, motion to dismiss, allegations, Reply, dial, amended complaint, telephone number, res judicata, prerecorded, sub-class, messages, parties, sever

**Counsel:** [*1] For John Baranski, James Lacourte, on behalf of themselves and all others similarly situated, Plaintiffs: Catherine Elizabeth Anderson, LEAD ATTORNEY, Giskan Solotaroff & Anderson, LLP, New York, NY; David R. Scott, Erin Comite, LEAD ATTORNEYS, PRO HAC VICE, Scott & Scott, Colchester, CT; Eric L. Foster, LEAD ATTORNEY, PRO HAC VICE, Lindh Foster, LLC, Old Lyme, CT; Joseph Guglielmo, LEAD ATTORNEY, Scott & Scott LLP, New York, NY; Joseph S. Tusa, LEAD ATTORNEY, Tusa, P.C., Lake Success, NY; Oren Giskan, LEAD ATTORNEY, Giskan Solotaroff Anderson & Stewart LLP, New York, NY; Joseph D. Cohen, Scott & Scott, New York, NY.

For NCO Financial Systems, Inc., Defendant: David Israel, LEAD ATTORNEY, Sessions Fishman Nathan & Israel, Metairie, LA; Michael D. Slodov, LEAD ATTORNEY, Sessions, Fishman, Nathan & Israel, L.L.C., Chagrin Falls, OH; Aaron R Easley, Sessions Fishman Nathan & Israel LLC, Flemington, NJ; Bryan C Shartle, Sessions, Fishman, Nathan & Israel, L.L.C., Metairie, LA.

**Judges:** I. Leo Glasser, Senior United States District Judge.

**Opinion by:** I. Leo Glasser

## Opinion

MEMORANDUM AND ORDER

GLASSER, United States District Judge:

Plaintiffs John Baranski ("Baranski") and James LaCourte ("LaCourte" and together with Baranski, [*2] "Plaintiffs"), on behalf of themselves and others similarly situated, bring this action against defendant NCO Financial Systems, Inc. ("NCO"), alleging violations of the Telephone Consumer Protection Act, *47 U.S.C. § 227, et seq.* ("TCPA"), *New York General Business Law § 339-f* ("GBL"), and the Connecticut Unfair Trade Practices Act *§ 42-110a, et seq.* ("CUPTA"). Currently before the court are two motions: NCO's motion to sever, dismiss, and/or transfer venue and NCO's motion to strike Plaintiffs' amended complaint. For the reasons that follow, NCO's motion to dismiss Plaintiffs' claims is GRANTED and the remaining relief sought by NCO is DENIED as moot.

Jessica Lentini

Case 4:18-cv-00436 Document 17-3 Filed in TXSD on 06/01/18 Page 9 of 13

Page 2 of 7
2014 U.S. Dist. LEXIS 37880, *2

## BACKGROUND

### I. Facts & Procedural History

The following facts are taken from Plaintiffs' complaint, Dkt. No. 1 ("Compl."), and other documents the Court may consider, and are accepted as true for purposes of deciding this motion. NCO is a Pennsylvania corporation headquartered in Horsham, Pennsylvania. Compl. ¶ 12. NCO is a debt collection agency. Id. Plaintiffs allege that, as part of its debt collection activities, NCO uses an automatic telephone dialing system ("ATDS"), as defined in the TCPA and the GBL. Id.¶¶ 13-16.

LaCourte, a resident [*3] of Huntington, New York, was previously the holder of an American Express credit card. Id. ¶¶ 10, 22. In an effort to collect a debt on this American Express account, NCO called LaCourte at his residence and left prerecorded voice messages on October 20, 2010, October 27, 2010, November 4, 2010, November 12, 2010, November 17, 2010, and November 24, 2010. Id. ¶ 29. In addition, NCO called LaCourt on his cellular telephone on November 11, 2010 and December 7, 2010. Id. ¶¶ 27-28. LaCourte believes that all of these calls were made using an ATDS. Id. ¶¶ 27-29. At the time of these calls, LaCourte had settled and paid his debt on the American Express account. Id. ¶ 22.

Baranski, a resident of North Grosvenordale, Connecticut, was the co-holder of a Capital One credit card with his wife. Id. ¶¶ 11, 32. Baranski received phone calls on his cellular telephone on several occasions, including on June 13, 2013, from NCO related to a debt on his Capital One account. Id. ¶ 35. Baranski believes that one or more of these calls was made using an ATDS. Id.

Plaintiffs bring this action on behalf of a nationwide class of individuals who received calls on their cellular telephones from NCO in violation [*4] of the TCPA. Id. ¶ 36. In addition, LaCourte purports to represent a sub-class of New York residents who received calls from NCO in violation of the GBL. Id. ¶ 37. Baranski, in turn, purports to represent a sub-class of Connecticut residents who received prerecorded telephone messages from NCO in violation of the CUTPA. Id. ¶ 38. Plaintiffs do not know the exact size of the proposed class or sub-classes, or the identities of the members thereof, but they estimate that the class may encompass "hundreds to thousands of individuals." Id. ¶ 39.

Prior to commencing this action, on December 28, 2012 LaCourte filed a complaint in the Southern District of New York against NCO and other defendants. LaCourte v. JP Morgan Chase & Co., No. 12-cv-9453(JSR) (the "SDNY Action") [Dkt. No. 1]. The SDNY Action was based on the same debt collection activities underlying LaCourte's claims in this case. Id. LaCourte asserted claims under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, New York State statutory law, and common-law civil conspiracy. Id. Following motions to dismiss from several of the defendants, LaCourte's claims against certain of the defendants—though not NCO—were [*5] dismissed by order dated April 25, 2013. See SDNY Action, Dkt. No. 80 (the "SDNY M&O") at 1-2. LaCourte's civil conspiracy claims were dismissed in their entirety. Id. His Fair Debt Collection Practices Act claims were dismissed to the extent that they were based on calls the occurred outside of the statute of limitations. Id.

After the close of discovery, LaCourte sought to amend his complaint in the SDNY Action to add claims under the TCPA and the GBL and file a motion for class certification. SDNY Action, Dkt. No. 90. His request to amend the complaint was denied as untimely. Id. Following a motion for summary judgment, all of LaCourte's remaining claims were dismissed by order dated February 21, 2014, and judgment was entered on February 24, 2014. SDNY Action, Dkt. Nos. 103, 104. On March 4, 2014, LaCourte filed a notice of appeal. SDNY Action, Dkt. No. 106.

Plaintiffs commenced this action on November 15, 2013 by filing a complaint in this Court. Dkt. No. 1. On December 11, 2013, NCO filed a motion seeking to sever the claims of the two Plaintiffs pursuant to Rule 21, to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6), or in the alternative to transfer their claims pursuant [*6] to 28 U.S.C. § 1404(a). Dkt. No. 6-1 ("NCO's Mem."). On January 17, 2014, Plaintiffs filed their opposition, arguing that Plaintiffs' claims should not be severed or transferred. Dkt. No. 22 ("Pls.' Opp'n"). Rather than addressing NCO's motion to

dismiss, Plaintiffs filed an amended complaint along with their Opposition. Dkt. No. 21 ("FAC"). On February 3, 2014, NCO filed its reply. Dkt. No. 23 ("NCO's Reply"). That same day, NCO filed a motion to strike the FAC pursuant to Rule 12(f), arguing that the Amended Complaint was not timely filed under Rule 15(a)(1)(B). Dkt. No. 24 ("NCO's Mot. to Strike"). On February 20, 2014, Plaintiffs filed their opposition to the motion to strike. Dkt. No. 25 ("Pls.' Strike Opp'n"). On February 22, 2014, NCO filed its reply. Dkt. No. 26 ("NCO's Strike Reply").

Since NCO's motions have been fully briefed, the procedural posture of this case has continued to develop. On February 25, 2014, NCO provided the Court with notice that LaCourte's SDNY Action had been dismissed. See Dkt. No. 27. NCO argues that this decision has preclusive effect on LaCourte's claims and concedes that its motion to transfer LaCourte's claims is therefore moot. Id. On February [*7] 27, 2014, Plaintiffs informed the Court that they had petitioned the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 to centralize this action with two class actions pending against NCO in the Central District of California. See Dkt. No. 28. Indeed, the JPML is currently considering Plaintiffs' petition. In re NCO Fin. Sys., Inc. Protection Act (TCPA) Litig., MDL No. 2533. This Court retains jurisdiction over NCO's pending motions until the JPML enters an order transferring the action. See, e.g., In re Plumbing Fixture Cases, 298 F. Supp. 484, 495-96 (J.P.M.L. 1968).

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable [*8] inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although detailed factual allegations are not necessary, the pleading must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation;" mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, on a motion to dismiss for failure to state a claim, "the issue is not [*9] whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." York v. Ass'n of the Bar of City of N.Y., 286 F.3d 122, 125 (2d Cir. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Serdarevic v. Centex Homes, LLC, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quoting Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999)). The Court will take judicial notice of the docket of the SDNY Action, as the documents filed in that proceeding are matters of public record. See, e.g., Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 (2d Cir. 2009).

## DISCUSSION

### I. The FAC is Untimely

Jessica Lentini

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a pleading may be amended "as a matter of course" within "21 days after service of a motion under Rule 12(b)." After 21 days, "a party may amend its pleading only with the opposing party's written [*10] consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs filed the FAC 37 days after NCO filed its motion to dismiss, without obtaining NCO's consent or leave of the court. The FAC is therefore untimely under Rule 15(a)(1).

Plaintiffs assert that the Court extended the time for amendment as a matter of course by its scheduling order dated December 23, 2013 [Dkt. No. 18]. Pls.' Strike Opp'n at 5-6. Plaintiffs are simply incorrect. The order did not address amending the Complaint or even refer generally to a date by which Plaintiffs could "respond" to the motion to dismiss. Rather, the scheduling order specifically—and only—approved the parties' proposed briefing schedule for NCO's motion to sever, dismiss, or transfer and specified the dates by which Plaintiffs' Opposition brief and NCO's Reply brief would be filed. Dkt. No. 18. Indeed, this was precisely what the parties requested in their letter. See Dkt. No. 14. Because the scheduling order did not provide otherwise, the deadlines specified in Rule 15 apply and the FAC is untimely.

That said, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In their Strike Opposition, [*11] Plaintiffs did not seek leave to amend the Complaint. But in light of the liberal amendment policy underlying Rule 15, the Court will construe the FAC as a motion for leave to amend and accordingly will consider whether the proposed amendments would cure any deficiencies in the Complaint, or whether amendment would be futile. See, e.g., Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany, 615 F.3d 97, 114 (2d Cir. 2010) ("It is well-established that one good reason to deny leave to amend is when such leave would be futile, specifically when the additional information does not cure the complaint.") (quotation omitted).

## II. LaCourte's Claims Are Precluded by the Decision in the SDNY Action

In its motion to dismiss, NCO argued that dismissal was warranted because Plaintiffs failed to state claims under the TCPA, the GBL, and the CUTPA. When NCO informed the Court of Judge Rakoff's decision and judgment in SDNY Action, it argued for the first time that LaCourte's claims should be dismissed on res judicata grounds. Dkt. No. 27. Specifically, NCO asserts that, because LaCourte's claims in this case arise out of the same phone calls that formed the basis for the SDNY Action, that decision [*12] has a preclusive effect even though LaCourte did not assert TCPA or GBL claims in that action. Id. at 1-2.

"[A] judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir. 1992) (quoting Grubb v. Pub. Utils. Comm'n of Ohio, 281 U.S. 470, 479, 50 S. Ct. 374, 74 L. Ed. 972 (1930)) (alteration in original). This bar extends to claims based on different legal theories of liability as well as to claims under different statutes. Id. at 38-39; see also In re Teltronics Services, Inc., 762 F.2d 185, 193 (2d Cir. 1985) ("New legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata.").

It is clear that the SDNY Action involved the same parties as the instant case and arose out of the same events—the calls from NCO to LaCourte in October, November, and December of 2010. Compare Compl. ¶¶ 27-29, with SDNY Action, Dkt. No. 34 (first amended complaint) [*13] ¶ 38. LaCourte's claims here do not involve a separate transaction. The only new allegations involve NCO's use of an ATDS to make those calls. It is clear, then, that "all the facts necessary to support the claims before us now were pleaded, or could have been pleaded, in the first action commenced by [LaCourte] in the Southern District." Teltronics, 762 F.2d at 193.

LaCourte makes two arguments in opposition. First, he argues that his claims here are distinct because they are premised on information learned after the complaint in the SDNY Action was filed. Pls.' Opp'n at 9-10. This is irrelevant. "As a general rule, newly discovered evidence does not preclude the application of res judicata." Saud v. Bank of N.Y., 929 F.2d 916, 920 (2d Cir. 1991). Indeed, the new allegations here involve only the manner in which

Case 4:18-cv-00436 Document 17-3 Filed in TXSD on 06/01/18 Page 12 of 13

Page 5 of 7
2014 U.S. Dist. LEXIS 37880, *13

the calls were made. They are not new, independent facts but merely part of the same "core of operative facts" that formed the basis of the SDNY Action. See *Norman v. Niagara Mohawk Power Corp., 873 F.2d 634, 638 (2d Cir. 1989)*. In such circumstances, the proper response is to amend the complaint in the first action to allege the newly discovered facts and any new theories [*14] of liability and, indeed, LaCourte did precisely that. SDNY Action, Dkt. No. 90. The fact that his motion for leave to amend was denied does not entitle him to file a second lawsuit, but only to appeal that denial. See, e.g., *Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 16 (1st Cir. 2010)*.

Second, LaCourte argues that his pending appeal makes the judgment in the SDNY Action non-final for purposes of res judicata. Dkt. No. 30. LaCourte is simply incorrect. "A final judgment by a district court has preclusive effect even though the judgment is pending on appeal." *Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 160 (7th Cir. 1995)*; see also *United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 905 F.2d 610, 621 (2d Cir. 1990)*. And indeed it could not be otherwise, for this is precisely how res judicata works. "[T]he only preclusion is of other suits, or of specific issues in other suits; the losing party is not precluded from pressing his appeal!" *Amcast, 45 F.3d at 160*. [*15] LaCourte's appeal of the decision in the SDNY Action is the proper vehicle for addressing his TCPA and GBL claims against NCO. His claims in this action are therefore dismissed.

### III. Baranski Fails To State a Claim Under the TCPA

The TCPA provides, in relevant part

It shall be unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

*47 U.S.C. § 227(b)(1)*. An ATDS, for purposes of the TCPA, is a device with "the capacity to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." *Id. § 227(a)(1)*.

NCO argues that Baranski's TCPA claim should be dismissed because it merely alleges, in conclusory fashion, that NCO used an "automatic telephone dialing system" and contains no factual allegations permitting such an inference. NCO's Mem. at 13-14; [*16] NCO's Reply at 7-8. Plaintiffs did not address this argument in their Opposition, but instead seek to amend to the Complaint to add deposition testimony from a former employee of NCO, that Plaintiffs claim is proof of NCO's use of an ATDS. See FAC ¶¶ 43-44.

NCO is correct that Plaintiffs must do more than simply parrot the statutory language. Although there is no binding precedent in this circuit, the vast majority of courts to have considered the issue have found that "[a] bare allegation that defendants used an ATDS is not enough," *Jones v. FMA Alliance Ltd., No. 13-11286-JLT, 978 F. Supp. 2d 84, 2013 U.S. Dist. LEXIS 151474, 2013 WL 5719515, at *1 (D. Mass. Oct. 17, 2013)* (quotation omitted); accord *Gregg v. Orange Cab Co., 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013)*; *Johansen v. Vivant, Inc., No. 12 C 7159, 2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551, at *2-3 (N.D. Ill. Dec. 18, 2012)*; *Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)*; *Abbas v. Selling Source, LLC, No. 09 CV 3413, 2009 U.S. Dist. LEXIS 116697, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009)*. Such an allegation is "a bare legal conclusion entitled to no weight." *Abbas, 2009 U.S. Dist. LEXIS 116697, 2009 WL 4884471, at *3*. Plaintiffs need not plead "specific technical details" regarding NCO's use of an ATDS, but they must at least [*17] describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS. See *Johansen, 2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551, at *3*.

Plaintiffs' proposed amendments do not cure the deficiencies in the Complaint. The FAC contains no new facts about the calls received by Baranski that permit an inference that they were made using an ATDS. As various courts have made clear, the use of an ATDS can be plausibly inferred from allegations regarding, for example, "the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation

with the 'person' calling him, [or] the generic content of the message he received." Johansen, 2012 U.S. Dist. LEXIS 178558, 2012 WL 6590551, at *3. Plaintiffs make no such allegations, or even any allegation that Baranski received prerecorded messages.[1]

The only additional allegation in support of [*18] Baranski's TCPA claim in the FAC relates to the deposition testimony of a former NCO employee, Charles Petro ("Petro"), which was obtained in discovery in the SDNY Action. See FAC ¶¶ 36, 38-44. But this testimony fails to support a plausible inference that an ATDS was used to call Baranski for two reasons. First, despite the terminology used in questioning Petro, it is far from clear that the device described constitutes an ATDS under the TCPA. An ATDS must have the capacity to both store and generate telephone numbers to be called and "to dial such numbers." 47 U.S.C. § 227(a)(1). But Petro confirmed only that he "would hit a key on the computer, and it would autodial the telephone number[.]" FAC ¶ 43. Although his testimony does suggest that the device used by NCO had the capacity to "store or produce telephone numbers to be called," it does not suggest that it had the capacity "to dial such numbers." Petro's testimony does not support the inference that the calls could be made without human intervention.

Second, and more importantly, Petro's testimony says nothing about the calls made to Baranski. In the excerpt quoted in the FAC, Petro spoke about calls made to LaCourte—calls that [*19] were made in 2010. Id. ¶ 44. Even if this testimony established that NCO made use of an ATDS in 2010, it would not support an inference that an ATDS was used nearly three years later to call Baranski. Indeed, several of the calls at issue were made after Petro testified regarding this historical practice at NCO. See id. ¶ 35. When viewed in conjunction with Plaintiffs' failure to point to anything about the calls to Baranski that suggests the use of an ATDS, Petro's testimony simply is not enough to make Baranski's TCPA claim plausible on its face. Accordingly, Baranski's TCPA claim is dismissed.

### IV. The Court Declines to Exercise Supplemental Jurisdiction Over Baranski's CUTPA Claim

The Court may decline to exercise supplemental jurisdiction over state law claims if the Court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). It is well-settled that "if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) (quotation omitted). Baranski's CUTPA claim is therefore dismissed without prejudice in order to allow him to pursue that claim [*20] in state court if he so chooses. See Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008).

### CONCLUSION

For the foregoing reasons, NCO's motion to dismiss is GRANTED, and its motions to sever, transfer, and strike the amended complaint are DENIED as moot.

SO ORDERED.

Dated: Brooklyn, New York

March 21, 2014

/s/ I. Leo Glasser

Senior United States District Judge

---

[1] The absence of such allegations is troubling, since Baranski purports to represent a sub-class of individuals "who received unauthorized prerecorded telephone messages" from NCO. Compare FAC ¶ 35 (describing the calls to Baranski), with id. ¶ 47 (describing the calls made to the sub-class).