IN THE UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS

| Paul R. F. Schumacher, | Civil Action No. 4:18-cv-00436 |
| Plaintiff, pro se, | |
| v. | **DEFENDANT CHARLES BETTA'S REPLY TO PLAINTIFF PAUL R. F. SCHUMACHER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| Capital Advance Solutions LLC, Charles Betta, and Dan Logan, | |
| Defendants. | |

Defendant Charles Betta, by and through the undersigned counsel of record, respectfully submits this Reply to plaintiff Paul R. F. Schumacher's Opposition to defendant's Motion to Dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

                                    Respectfully submitted,

                                    **KENT & MCBRIDE, P.C.**

                                    By: _____
                                    Christopher D. Devanny, #3719
                                    One Arin Park
                                    1715 Highway 35, Suite 305
                                    Middletown, New Jersey 07748
                                    Phone: 732-326-1711
                                    Email: cdevanny@kentmcbride.com
                                    *Attorney for Defendant,*
                                    *Charles Betta*

Dated: June 19, 2018

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that on June 15, 2018, a true and exact copy of this Motion was served upon the following individuals through the Court's electronic filing system:

>Paul R. F. Schumacher
>1512 Oakview Street
>Bryan, Texas 77802
>Plaintiff, Pro Se

>**KENT & MCBRIDE, P.C.**
>
>_____
>Christopher D. Devanny, #3719
>One Arin Park
>1715 Highway 35, Suite 305
>Middletown, New Jersey 07748
>Phone: 732-326-1711
>Email: cdevanny@kentmcbride.com
>*Attorney for Defendant,*
>*Charles Betta*

Dated: June 19, 2018

## PRELIMINARY STATEMENT

Plaintiff Paul R. F. Schumacher filed a complaint against defendants Capital Advance Solutions LLC, Charles Betta and Dan Logan alleging he received a series of telemarketing calls attempting to sell him a business loan, despite the fact that he is on the national "do not call" registry, and in violation of sections 47 U.S.C. § 227(b) and (c) of the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA") and Texas Code § 304.252, among other FCC and FTC violations.

On or about May 18, 2018, defendant Charles Betta filed a Motion to Dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. On or about June 1, 2018, defendant Charles Betta filed an Amended Motion to Dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Within his Amended Motion to Dismiss, defendant Charles Betta argued: (i) he is not subject to personal jurisdiction in the Southern District of Texas; (ii) plaintiff's Complaint fails to allege sufficient facts from which a cause of action within sections 47 U.S.C. § 227(b) and (c) of the TCPA can be inferred; (iii) plaintiff's complaint fails to allege sufficient facts from which a cause of action under Texas Code § 304.252 can be inferred; and (iv) plaintiff's complaint fails to allege facts sufficient to support a claim against defendant Charles Betta.

On or about June 11, 2018, plaintiff Paul R. F. Schumacher filed a Response to defendant Charles Betta's Motion to Dismiss. Within his response, plaintiff argues he plead sufficient facts throughout his complaint to support a claim for relief. He also argues defendant Charles Betta's previous deposition testimony establishes both he and Capital Advance Solutions are subject to personal jurisdiction in Texas.

# LEGAL ANALYSIS

## POINT ONE

**Plaintiff Paul R. F. Schumacher's Complaint Fails To Allege Facts Sufficient To Support A Claim For Relief.**

In his Reply to defendant Charles Betta's Motion to Dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, plaintiff Paul R. F. Schumacher argues his complaint provides sufficient notice of the nature of his claims against defendant and contains a plausible inference that defendant is liable. Plaintiff argues he is required to allege nothing more than general facts, and that he has met this burden.

Plaintiff is correct that he is required to do no more than allege facts sufficient to put defendants on notice of the nature of plaintiff's claims against them and facts from which a plausible inference of defendants' liability can be drawn. However, plaintiff fails to do so within his complaint. Plaintiff puts defendant Charles Betta on notice of plaintiff's TCPA and related claims, but states no facts that allow this Court to draw "a plausible inference that defendants are liable."

Plaintiff's complaint is completely devoid of any information linking the alleged telemarketing calls received to Capital Advance Solutions and/or Charles Betta. The plaintiff does not even set forth the phone number he allegedly received the phone calls from. Instead, plaintiff simply alleges he received telemarketing calls and that the telemarketing calls were placed by or on behalf or Capital Advance Solutions and/or Charles Betta. Plaintiff states he will prove the allegations' truth throughout discovery. The complaint does not contain any information regarding the content of the calls he allegedly received to give rise to a reasonable belief that an automatic dialing system was used and should be dismissed. *Curry v. Synchrony Bank, N.A.*, 2015 U.S. Dist. Lexis 153131;

*Trumper v. G.E. Capital Retail Bank*, 79 F. Supp. 3d 511; *Baranski v. NCO Financial Systems*, 2014 U.S. Dist. 37880.

While plaintiff is free to allege the aforementioned claims, he must support said claims with facts that render the claims plausible. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007) (alteration in original). *"[T]he pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."* Ibid. (citations omitted). Specifically, plaintiff's complaint must contain enough factual matter, taken as true, to suggest plaintiff's claims are plausible.

Here, there are no supporting facts provided within plaintiff's complaint from which it can be concluded that Capital Advance Solutions and/or Charles Betta may have placed or directed the alleged telemarketing calls to plaintiff, or that plaintiff's claims regarding said calls can be proven. Accordingly, plaintiff's complaint must be dismissed because plaintiff fails to allege facts sufficient to support a claim for relief.

## POINT TWO

**Defendant Charles Betta's Affidavit Does Not Contradict Mr. Betta's Testimony Provided At A November 17, 2010 Examination Under Oath.**

Plaintiff Paul R. F. Schumacher contends the affidavit submitted by defendant Charles Betta contradicts the testimony provided by Mr. Betta at a November 17, 2010 Examination Under Oath. In his affidavit, Charles Betta certifies both he and Capital

5

Advance Solutions have no business ties to the State of Texas. Plaintiff points out that at his Examination Under Oath, Charles Betta testified, in contrast, that Capital Advance Solutions conducted business in all fifty states. Plaintiff argues this inconsistency renders Mr. Betta's affidavit entirely unreliable.

Despite his statement that Capital Advance Solutions conducted business in all fifty states, Charles Betta later stated the calls placed on half of Capital Advance were segregated by time zone and not placed to states into which Capital Advance Solutions was not permitted to dial. Capital Advance Solutions also abided by an internal do-not-call list. Thus, Capital Advance Solutions did not *place calls* to all fifty states.

### POINT THREE

**Defendant Charles Betta Is Not Subject To Personal Jurisdiction
In the Southern District Of Texas.**

Plaintiff further contends defendant Charles Betta is subject to personal jurisdiction in Texas based upon additional testimony provided by him at the aforementioned November 17, 2010 Examination Under Oath. Plaintiff argues Charles Betta admitted he selected the states to include within Capital Advance Solutions' alleged telemarketing campaign. However, Charles Betta did not admit the same.

Charles Betta testified he instructed VoiceBlaze to develop a list of telephone numbers that fell within the category of a specific business or industry. He did not testify that he selected the states within which such telephone numbers were to be called. Instead, he stated the calls placed to said telephone numbers were segregated by time zone, but Capital Advance Solutions abided by an internal do-not-call list and did not place calls to states into which it was not permitted to dial.

Plaintiff assumes the State of Texas was not included on Capital Advance Solutions' do-not-call list because plaintiff received a call on a telephone number with a Texas area code. Plaintiff further assumes that because he received a call on a telephone number with a Texas area code, defendant Charles Betta specifically chose to include Texas as a state on Capital Advance Solutions' target list of states and, therefore, knowingly did business in Texas. This assumption is incorrect.

First, plaintiff has failed to allege any facts to indicate how he came to conclude the alleged telemarketing calls were placed by or on behalf of Capital Advance Solutions. He does not state on what telephone number he received the alleged calls, or by what telephone number the calls were placed. Plaintiff does not state the content of the messages received upon answering the alleged calls, or with whom he spoke upon answering said calls. Plaintiff has provided no evidence whatsoever linking Capital Advance Solutions to the calls received.

Moreover, as stated at the Examination Under Oath, the state of Washington was placed on Capital Advance Solutions' do-no-call list, yet an individual in Washington claimed to have received a call from Capital Advance Solutions. Charles Betta was unable to account for how said call was place, but stated that because Washington State was on the do-not-call list, "it could have happened that somebody called him or transferred him to [Capital Advance Solutions] or . . . that [it] wasn't an ADAD call."

Thus, even if we assume plaintiff Paul R. F. Schumacher actually received a call from Capital Advance Solutions as alleged, this fact alone is not enough to conclude Capital Advance Solutions chose to conduct business in Texas. Nor is it enough to

specifically conclude defendant Charles Betta knowingly chose to do business in Texas and thereby subject himself to jurisdiction in that state.

As stated within defendant's Amended Motion to Dismiss plaintiff's complaint, Charles Betta has no ties to Texas such that he can be subject to personal jurisdiction within the state. He does not own property in Texas or have any contacts with Texas. He does not know plaintiff or where plaintiff lives, nor he did not call plaintiff or direct calls to be placed to plaintiff, and plaintiff has failed to allege facts to the contrary. Instead, plaintiff incorrectly assumes Charles Betta directed telephone calls to Texas simply because plaintiff received a telephone call on a phone number with a Texas area code. Accordingly, defendant Charles Betta is not subject to personal jurisdiction in Texas.

## POINT FOUR

### Plaintiff's Complaint Must Be Dismissed Because It Fails To Allege Facts Sufficient To Support A Claim For Relief Under The Telephone Consumer Protection Act.

In his Reply to defendant Charles Betta's Motion to Dismiss, plaintiff argues Charles Betta is subject to liability within the ambits of the TCPA because Mr. Betta directed the alleged telemarketing campaign carried out by Capital Advance Solutions, and simply directing the alleged telemarketing campaign constitutes a violation of the TCPA. However, as previously stated, plaintiff's complaint is completely devoid of any information linking the alleged telemarketing calls received to Capital Advance Solutions and/or Charles Betta. Plaintiff alleges he received telemarketing calls and the telemarketing calls were placed by or on behalf or Capital Advance Solutions and/or Charles Betta, without more. Plaintiff fails to indicate on what telephone number he received said calls or by what

telephone number said calls were placed.

Plaintiff claims he "verified" that the calls he received were made on behalf of Capital Advance Solutions and Charles Betta, but provides no facts to indicate what verification technique was used to determine by whom the calls were placed. Plaintiff argues merely alleging that he identified Capital Advance Solutions as the source of the calls received is sufficient. This is incorrect, as plaintiff's allegation is not supported by any facts whatsoever.

In contrast to plaintiff's contention, defendant Charles Betta does not assert that plaintiff must establish every detail of the case. However, plaintiff must assert some facts to indicate the claims alleged within his complaint are plausible. Thus, plaintiff's complaint must contain some information to suggest he did, in fact, identify Capital Advance Solutions as the source of the alleged telemarketing calls. Plaintiff does not do this.

Additionally, plaintiff argues he is not required to provide facts to support his argument that the alleged telemarketing calls consisted of a pre-recorded message because "[i]f a person tells you that they've received 10 phone calls consisting of a recorded message, the reasonable inference is that the person recognized them as recordings through their lack of response to him and/or because they were all the same message." However, this inference cannot be drawn without some supporting facts to indicate what verbal exchange occurred when plaintiff answered the phone, including the presence of any pauses or lack of response, or what statements were contained within the alleged pre-recorded message.

Plaintiff argues "the allegation that a recording was used triggers the reasonable

inference that plaintiff was able to recognize it as such by the characteristics a recorded message has that are easily distinguishable from a live person," yet plaintiff fails to identify any such characteristics within his complaint. As previously stated, plaintiff's Complaint "must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atl. Corp., supra, at 550 U.S. 555, 127 S. Ct. 1965, 167 L. Ed. 2d 940.

Accordingly, plaintiff's complaint must be dismissed because plaintiff fails to state a claim, with respect to the TCPA, upon which relief can be granted.

## POINT FIVE

### Plaintiff's Complaint Must Be Dismissed Because It Fails To Allege Facts Sufficient To Support A Claim For Relief Under Under Texas Code § 304.257.

In his Reply to defendant's Motion to Dismiss, plaintiff admits he incorrectly cited to Texas Code § 304.252, rather than Texas Code § 304.257, within h is complaint. Nonetheless, for the reasons outline above, plaintiff's complaint is devoid of facts sufficient to support a claim for relief under Texas Code § 304.257.

## POINT SIX

### Plaintiff's Complaint Must Be Dismissed Because It Fails To Allege Facts Sufficient To Support A Claim For Relief Against Defendant Charles Betta.

Lastly, plaintiff argues his allegation that defendant Charles Betta created and implemented a business strategy reliant on unlawful actions to his personal enrichment is sufficient to support a claim for relief against Mr. Betta personally. Plaintiff is incorrect, as this allegation, without more, is insufficient.

Plaintiff claims "the entire chain is one of obvious inference: If Mr. Betta created and implemented the scheme for his company, and the scheme was unlawful, and he was compensated by his company and/or receives profits from the company, all of which is asserted or implied, then the entire sentence is inescapable as a conclusion." Again, such an inference cannot be concluded because plaintiff has failed to state what scheme defendant Charles Betta created and/or implemented, and why said scheme was unlawful.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp., supra, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940. "[T]he pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Ibid. (citations omitted).

Accordingly, plaintiff's complaint must be dismissed because plaintiff fails to state a claim against defendant Charles Betta upon which relief can be granted.

### POINT SEVEN

Lastly, plaintiff points out that the Motion to Dismiss, submitted on behalf of defendant Charles Betta, did not seek a dismissal of plaintiff's complaint on behalf of defendants Dan Logan and Capital Advance Solutions.

The undersigned counsel of record for defendant Charles Betta is not authorized to answer on behalf of defendant Capital Advance Solutions, as Capital Advance Solutions is a defunct corporation. Moreover, the undersigned counsel of record is not listed on the Court's website as the attorney for Capital Advance Solutions, rather, he is listed as the

attorney for defendants Charles Betta and Dan Logan only.

Additionally, the undersigned counsel of record for defendant Charles Betta has not responded to plaintiff's complaint on behalf of defendant Dan Logan because defendant Dan Logan was never served with plaintiff's complaint and there is no proof of service with respect to defendant Dan Logan.

## **CONCLUSION**

For the foregoing reasons, defendant Charles Betta respectfully requests the Court grant the within Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**KENT & MCBRIDE, P.C.**

By: _____
Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com
*Attorney for Defendant,
Charles Betta*

Dated: June 19, 2018