United States District Court
Southern District of Texas
**ENTERED**

January 22, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Paul R. F. Schumacher, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0436 |
| | § | |
| Capital Advance Solutions, | § | |
| LLC, Charles Betta, and | § | |
| Dan Logan | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is Plaintiff Paul R. F. Schumacher's Motion for Reimbursement of Service Costs (Doc. 22). Having reviewed the motion and all related briefing, the court **GRANTS** the motion as explained below.

Plaintiff filed his motion on June 29, 2018, requesting reimbursement of his service costs pursuant to Federal Rule of Civil Procedure ("Rule") 4(d)(2).[1] Defendants Charles Betta ("Betta") and Dan Logan ("Logan")(collectively the "Individual Defendants") responded on July 20, 2018, alleging that Plaintiff failed to show that he fully complied with Rule 4(d)(2).[2]

Waiver of service and recovery of costs is governed by Rule 4(d) which states that:

An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the

---

[1]   See Doc. 22, Pl.'s Mot. for Costs.

[2]   See Doc. 24, Defs.' Resp. to Pl.'s Mot. for Costs.

summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

    (A) be in writing and be addressed:

        (i) to the individual defendant; or

        (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

    (B) name the court where the complaint was filed;

    (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

    (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

    (E) state the date when the request is sent;

    (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

    (G) be sent by first-class mail or other reliable means.

. . . If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

    (A) the expenses later incurred in making service; and

    (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

2

Fed R. Civ. P. 4(d)(1)-(2).  The Individual Defendants specifically argue that Plaintiff failed to prove that: (1) he "mailed two copies of the summons and request for Waiver of Service to [D]efendants"; and (2) he "provided a prepaid means by which defendants could return the Waiver of Service forms to [P]laintiff."[3]

Plaintiff responded to the Individual Defendants' argument by filing a notarized affidavit meticulously laying out how he complied with each of Rule 4(d)'s requirements.[4]  Within the affidavit, Plaintiff specifies how he sent a packet to both Individual Defendants and Defendant Capital Advance Solutions ("CAS") which has not appeared in this lawsuit.  Each of the three packets contained two copies of the summons and request to waive service.[5] Each packet also contained an envelope that was stamped and pre-addressed with Plaintiff's address for return of the forms.[6] The Individual Defendants have not provided any evidence of Plaintiff's non-compliance with Rule 4(d).  Accordingly, the court finds that Plaintiff complied with Rule 4(d).

For these reasons, Plaintiff's motion for reimbursement of service costs is **GRANTED.**  Plaintiff has provided evidence showing

---

[3]    See id. p. 6.

[4]    See Doc. 25, Pl.'s Aff. in Support of Mot. for Costs.

[5]    See id.

[6]    See id.

that he spent: (1) $107.89 serving Defendant Logan; and (2) $785.00 serving Defendants Betta and CAS as Betta was CAS's registered agent.[7] The court hereby **ORDERS** that within fifteen days Defendant Logan pay Plaintiff $107.89.  The court further **ORDERS** that within fifteen days Defendant Betta pay Plaintiff $785.00 as it was Defendant Betta's responsibility to sign and return the waiver of service on behalf of himself and Defendant CAS.

     **SIGNED** in Houston, Texas, this 22nd day of January, 2019.

_____
U.S. MAGISTRATE JUDGE

---

[7]    See id.; Doc. 22-1, Ex. A to Pl.'s Mot. for Costs.

4