United States District Court
Southern District of Texas
**ENTERED**
January 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Paul R. F. Schumacher, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0436 |
| | § | |
| Capital Advance Solutions, | § | |
| LLC, Charles Betta, and | § | |
| Dan Logan | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

Pending before the court[1] is Defendant Charles Betta's ("Betta") Motion to Dismiss (Doc. 17) and Defendant Dan Logan's ("Logan") Motion to Dismiss (Doc. 23). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motions be **DENIED** and Defendants be given leave to refile their motions at the close of a limited discovery period.

**I. Case Background**

Plaintiff filed this lawsuit alleging that Defendants conducted an illegal telemarketing campaign in violation of numerous federal and state statutes.

**A. Factual Background**

Plaintiff alleges the following:

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 9, Ord. Dated May 8, 2018.

Plaintiff is on the national do-not-call registry.[2] From September 2015 to April 2016, Plaintiff received a series of at least ten prerecorded telemarketing calls attempting to sell him a business loan. Plaintiff claims that these call occurred at the following dates and times (CST): (1) September 15, 2015, at 9:46; (2) November 30, 2015, at 14:36; (3) January 20, 2016, at 9:27; (4) February 8, 2016, at 12:27; (5) February 15, 2016, at 10:30; (6) March 8, 2016, at 11:54; (7) March 17, 2016, at 13:59; (8) March 18, 2016, at 9:44; (9) March 30, 2016, at 9:12; and (10) April 5, 2016, at 11:16.[3]

"Via investigative technique, Plaintiff successfully identified that the calls were being made by or on the behalf of Capital Advance Solutions, LLC ['CAS']."[4] Plaintiff alleges that Defendants Betta and Logan (collectively the "Individual Defendants") created and implemented a business strategy reliant on the allegedly unlawful telephone calls for their own personal enrichment.[5]

Plaintiff followed up with Defendants to ask about their compliance with the Telephone Consumer Protection Act ("TCPA").[6]

---

[2] See Doc. 1, Pl.'s Orig. Compl. p. 3.

[3] See id. pp. 2-3.

[4] See id. p. 4.

[5] See id.

[6] See id.

Defendants mocked Plaintiff and refused to take responsibility for the alleged violations.[7] Plaintiff believes that the Individual Defendants are well aware of their actions and are wilfully violating the law.[8]

**B.  Procedural Background**

On February 13, 2018, Plaintiff filed his original complaint against CAS, Betta, and Logan.[9] Defendant Betta filed his pending motion to dismiss on June 1, 2018.[10] Plaintiff filed a response on June 11, 2018.[11] Defendant Betta filed a reply in support of his motion on June 19, 2018.[12] Defendant Logan filed his pending motion to dismiss on July 12, 2018.[13] Plaintiff filed a response on July 26, 2018.[14] Defendant Logan filed a reply in support of his motion on August 1, 2018.[15] Defendant CAS has not appeared in the lawsuit.

**II.  Legal Standards**

The Individual Defendants filed their motions to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and

---

[7]  See id.

[8]  See id.

[9]  See id.

[10]  See Doc. 17, Def. Betta's Mot. to Dismiss.

[11]  See Doc. 18, Pl.'s Resp. to Def. Betta's Mot. to Dismiss.

[12]  See Doc. 20, Def. Betta's Reply in Support of Mot. to Dismiss.

[13]  See Doc. 23, Def. Logan's Mot. to Dismiss.

[14]  See Doc. 26, Pl.'s Resp. to Def. Logan's Mot. to Dismiss.

[15]  See Doc. 27, Def. Logan's Reply in Support of Mot. to Dismiss.

12(b)(2).

**A.  Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). The court may also consider, in addition to the complaint itself, "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550

4

U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

**B.   Rule 12(b)(2)**

Additionally, a district court may dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant.  See Fed. R. Civ. P. 12(b)(2).  On a motion to dismiss decided without benefit of an evidentiary hearing, the burden is on the plaintiff to establish a prima facie case in support of jurisdiction.  Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).  The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis.  Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008)(quoting Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations.  Johnston, 523 F.3d at 609.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if jurisdiction is consistent with due process under the United States Constitution.  Johnston, 523 F.3d at 609. General jurisdiction exists for any and all claims when the

contacts are "so continuous and systematic as to render" the defendant "essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)(internal quotation marks omitted)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Specific jurisdiction exists if the asserted cause of action "arises out of or relates to the defendant's contacts with the forum." Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).

### III. Analysis

The Individual Defendants move for dismissal of Plaintiff's claim on the grounds that: (1) the court lacks personal jurisdiction over them; and (2) Plaintiff failed to allege facts sufficient to state a claim.[16] Plaintiff argues that the court has personal jurisdiction and that he has alleged sufficient facts to support his claims. "A court must find jurisdiction, both subject matter and personal, before determining the validity of a claim." Guidry v. United States Tobacco Co., 188 F.3d 619, 623 n.2 (5th Cir. 1999). Accordingly, the court will first address personal jurisdiction.

The Individual Defendants are domiciled in New Jersey and have no business or personal ties to Texas.[17] Plaintiff alleges that the

---

[16] See Docs. 17 & 23, Individual Defs.' Mots. to Dismiss.

[17] See Docs. 17-2 & 23-2, Affs. of Individual Defs.

court has personal jurisdiction over the Individual Defendants because they caused and directed phone calls to be made to Texas as a part of a telemarketing campaign and in violation of numerous statutes.[18]

Fifth Circuit courts have held that:

> personal jurisdiction over individual officers and employees of a corporation may not be predicated on the federal court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within the forum court's jurisdiction that would subject them to the application of the state's long-arm statute.

Cunningham v. Florio, Civil Action No. 4:17-CV-00839, 2018 WL 4473792, at *11 (E.D. Tex. Aug. 6, 2018), report and recommendation adopted, 4:17-CV-0839, 2018 WL 4473096 (E.D. Tex. Sept. 18, 2018)(internal quotation marks omitted)(citing Cooke v. Jaspers, Civil Action No. H-07-3921, 2010 WL 918342, at *3 (S.D. Tex. Mar. 10, 2010)). Thus, generally, the court would not have personal jurisdiction over the Individual Defendants because their only alleged contacts with the State of Texas are in a corporate capacity and on behalf of Defendant CAS. However, Plaintiff has alleged that the Individual Defendants used Defendant CAS as a corporate shield to evade personal liability for their unlawful conduct.[19] Plaintiff also alleges that the Individual Defendants have stripped Defendant CAS, which is now a defunct corporation, of

---

[18] See Doc. 1, Pl.'s Orig. Compl. p. 4.

[19] See Doc. 18, Pl.'s Resp. to Def. Betta's Mot. to Dismiss pp. 9-10; Doc. 26, Pl.'s Resp. to Def. Logan's Mot. to Dismiss p. 6.

its assets and are allowing it to absorb the civil liability for their illegal conduct.[20] Plaintiff asks that the court disallow this conduct and hold the Individual Defendants personally liable. The court construes Plaintiff's request and allegations to be an argument to pierce the corporate veil of Defendant CAS.

Generally, the corporate veil prevents personal liability for tort or contract obligations of the corporation. Castleberry v. Branscum, 721 S.W.2d 270, 271 (Tex. 1986) superseded on other grounds by statute. However, under Texas law, "there are three broad categories in which a court may pierce the corporate veil: (1) the corporation is the alter ego of its owners and/or shareholders; (2) the corporation is used for illegal purposes; and (3) the corporation is used as a sham to perpetuate fraud." Rimade Ltd. v. Hubbard Enterprises, Inc., 388 F.3d 138, 143 (5th Cir. 2004).

To pierce the corporate veil under a tort dispute, a tort claimant is only required to show constructive fraud, under which "[n]either fraud nor an intent to defraud need be shown as a prerequisite to disregarding the corporate entity; it is sufficient if recognizing the separate corporate existence would bring about an inequitable result." Castleberry, 721 S.W.2d at 272-73

---

[20] See Doc. 18, Pl.'s Resp. to Def. Betta's Mot. to Dismiss pp. 9-10; Doc. 26, Pl.'s Resp. to Def. Logan's Mot. to Dismiss p. 6.

(alteration in original)(citations omitted).[21]  Inequitable results occur "when the corporate structure has been abused to perpetuate a fraud, evad[e] an existing obligation, achieve or perpetuate a monopoly, circumvent a statute, protect a crime, or justify wrong." SSP Partners v. Gladstrong Invs. (USA) Corp., 275 S.W.3d 444, 451 (Tex. 2008).  While ordinarily the corporate veil insulates an individual from personal jurisdiction, when the veil is pierced the court may assert personal jurisdiction over the individual.  See e.g. Stuart v. Spademan, 772 F.2d 1185, 1197 (5th Cir. 1985).

Plaintiff's allegations are that the Individual Defendants used Defendant CAS for illegal purposes and that, if the corporate veil is not pierced, any potential liability would fall onto a defunct corporation with no assets.  The court finds that Plaintiff's allegations, if true, would allow Plaintiff to pierce the corporate veil of Defendant CAS and assert personal jurisdiction over the Individual Defendants.

Based on the current record, the court cannot definitively determine whether Plaintiff's jurisdictional allegations are plausible.  Thus, the parties are hereby **ORDERED** to participate in jurisdictional discovery for a period of 60 days from the date this recommendation is adopted, limited to the issues of personal jurisdiction over Defendants and whether the corporate veil should

---

[21] The holding in Castleberry no longer applies to contractual disputes pursuant to Tex. Bus. Orgs. Code § 21.223.  The holding is untouched regarding tort disputes.

be pierced. The Individual Defendants' motions should be **DENIED** at this time. If this memorandum is adopted, the Individual Defendants may refile their motions at the close of the limited discovery period.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that the Individual Defendants' motions be **DENIED** and the Individual Defendants be given leave to refile the motions at the close of the limited discovery period.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of January, 2019.

_____
U.S. MAGISTRATE JUDGE