IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Paul R. F. Schumacher,<br><br>　　　　　Plaintiff, pro se,<br><br>v.<br><br>Capital Advance Solutions LLC, Charles Betta, and Dan Logan,<br><br>　　　　　Defendants. | Civil Action No. 4:18-cv-00436<br><br>**DEFENDANTS CHARLES BETTA AND DAN LOGAN'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM, RECOMMENDATION AND ORDER** |

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 72(b), defendants Charles Betta and Dan Logan respectfully submit the following objections to the Magistrate Judge's Memorandum, Recommendation and Order, issued on January 22, 2019.

## STATEMENT OF FACTS

1.　On February 13, 2018, plaintiff Paul R.F. Schumacher filed a complaint against defendants Capital Advance Solutions LLC, Charles Betta and Dan Logan alleging he received a series of telemarketing calls for a business loan, although he is on the national "do not call" registry, in violation of 47 U.S.C. § 227(b) and (c) of the Telephone Consumer Protection Act and Texas Code § 304.252. See Doc. 1, plaintiff's Complaint.

2.　On or about June 1, 2018, defendant Charles Betta filed a Motion to Dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction. See Doc. 17, defendant Betta's amended Motion to Dismiss.

3.　Plaintiff filed a response to defendant Betta's Motion to Dismiss on or about

1

June 11, 2018, and defendant Betta filed a reply to plaintiff's response on June 19, 2018. See Doc. 18, plaintiff's response to defendant Betta's Motion to Dismiss; Doc. 20, defendant Betta's reply to plaintiff's response.

4. On or about July 12, 2018, defendant Dan Logan also filed a Motion to Dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction. See Doc. 23, defendant Logan's Motion to Dismiss.

5. Plaintiff filed a response to defendant Logan's Motion to Dismiss on or about July 26, 2018, and defendant Logan filed a reply to plaintiff's response on August 1, 2018. See Doc. 26, plaintiff's response to defendant Logan's Motion to Dismiss; Doc. 27, defendant Logan's reply to plaintiff's response.

6. On January 22, 2019, Magistrate Judge Nancy Johnson issued a Memorandum, Recommendation and Order denying defendant Charles Betta and defendant Dan Logan's respective Motions to Dismiss plaintiff's complaint. See Doc. 39, Magistrate Judge Nancy Johnson's Memorandum, Recommendation and Order.

7. The Court did not rule on the portions of defendants' motions which assert plaintiff's complaint fails to allege facts sufficient to support a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), but instead addressed only the portions of defendants' motions which assert defendants are not subject to personal jurisdiction in the State of Texas, according to Federal Rule of Civil Procedure 12(b)(2). See Doc. 39, p. 6.

8. The Court recounted plainitff's allegations that defendants Charles Betta and Dan Logan "caused and directed phone calls to be made to Texas as part of a telemarketing campaign[,]" used defendant Capital Advance Solutions LLC "as a corporate

2

shield to evade personal liability for their unlawful conduct[,]" and then "stripped [d]efendant [Capital Advance Solutions], which is now a defunct corporation, of its assets and are allowing it to absorb the civil liability for their illegal conduct." See Doc. 39, p. 7-8.

9. The Court concluded if plaintiff's allegations are true, plaintiff may pierce the corporate veil of defendant Capital Advance Solutions LLC to assert personal jurisdiction over defendants Charles Betta and Dan Logan. See Doc. 39, p. 9.

10. Based on the current record, however, the Court could not "definitively determine whether plaintiff's jurisdictional allegations are plausible." See Doc. 39, p. 9.

11. For this reason, the Court denied defendant Betta and defendant Logan's respective Motions to Dismiss to permit a sixty-day discovery period "limited to the issues of personal jurisdiction over [d]efendants and whether the corporate veil should be pierced." See Doc. 39, p. 10.

12. Defendants Charles Betta and Dan Logan respectfully submit the within objections to the Magistrate Judge's January 22, 2019 Memorandum, Recommendation and Order.

## OBJECTIONS

Under Federal Rule of Civil Procedure 72(b), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Upon receipt of the objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Ibid. "The district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Ibid.

## I. Defendants Charles Betta and Dan Logan Respectfully Object to the Court's Recommendation to Permit Limited Jurisdictional Discovery.

Defendants Charles Betta and Dan Logan ("defendants") respectfully object to the Court's recommendation to permit a 60-day discovery period limited to the issues of the Court's personal jurisdiction over defendants and whether the corporate veil should be pierced. Additionally, defendants respectfully object to the Court's decision to forego a ruling on defendants' Federal Rule of Civil Procedure 12(b)(6) arguments at this time.

As stated within their respective Motions to Dismiss, defendants are domiciled in New Jersey and have no business or personal ties to Texas. See Doc. 23; Doc. 27; Doc. 39, p. 6. Defendants are not subject to jurisdiction in Texas simply because plaintiff alleges defendant Capital Advance Solutions LLC conducted business in Texas and defendants were associated with Capital Advance Solutions LLC by way of employment.

As stated within the Court's January 22, 2019 Memorandum, Recommendation and Order, "personal jurisdiction over individual officers and employees of a corporation may not be predicated on the federal court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within the forum court's jurisdiction that would subject them to the application of the state's long-arm statute." Cunningham v. Florio, Civil Action No. 4:17-CV-00839, 2018 LEXIS 19203, at *11 (E.D. Tex. Aug. 6, 2018), report and recommendation adopted, 4:17-CV-0839, 2018 LEXIS 159203 (E.D. Tex. Sept. 18, 2018) (internal quotation marks omitted) (citation omitted).

Normally, the corporate veil protects employees from being personally liable for tort or contract obligations of a corporation. Castleberry v. Branscum, 721 S.W.2d 270, 271

4

(Tex. 1986). Under Texas law, however, the corporate veil may be pierced when: "(1) the corporation is the alter ego of its owners and/or shareholders; (2) the corporation is used for illegal purposes; and (3) the corporation is used as a sham to perpetuate fraud." Rimade Ltd. v. Hubbard Enterprises, Inc., 388 F.3d 138, 143 (5th Cir. 2004).

To pierce the corporate veil, plaintiff is required to show constructive fraud. "Neither fraud nor an intent to defraud need be shown as a prerequisite to disregarding the corporate entity; it is sufficient if recognizing the separate corporate existence would bring about an inequitable result." Castleberry, supra, 721 S.W.2d at 272-73 (citations omitted). "[W]hen the corporate structure has been abused to perpetuate a fraud, evad[e] an existing obligation, achieve or perpetuate a monopoly, circumvent a statute, protect a crime, or justify a wrong," an inequitable result occurs. SSP Partners v. Gladstrong Invs. (USA) Corp., 275 S.W.3d 4, 451 (Tex. 2008).

In the instant matter plaintiff alleges defendants used defendant Capital Advance Solutions LLC for illegal purposes and, accordingly, the corporate veil should be pierced to prevent potential liability from falling exclusively onto Capital Advance Solutions LLC, a now defunct corporation. However, these allegations are not supported by any evidence which indicates defendant Capital Advance Solutions LLC was set up as an alter ego of its owners and shareholders, for illegal purposes, or as a sham to perpetuate fraud.

Throughout the entirety of its operation, Capital Advance Solutions LLC was a legitimate corporation that functioned in accordance with the law to provide loans to small businesses. Plaintiff has provided no evidence to the contrary, but merely alleges defendants, employees of the now defunct corporation, are liable for "creating and

implementing a business strategy reliant on unlawful actions to their personal enrichment." See Doc. 1, p. 4.  Plaintiff does not detail the alleged unlawful actions, but concludes, without supporting evidence, that defendants caused or directed calls to be made in violation of the TCPA.  See Doc. 1, p. 4.

Plaintiff's allegations are nothing more than general assumptions about Capital Advance Solutions LLC and defendants.  Plainitff fails to plead any facts that corroborate his presumption that defendants caused or directed calls to be made in violation of the TCPA, nor does plaintiff provide any corroborating evidence which indicates defendants abused the corporate structure and intentionally stripped Capital Advance Solutions of its assets to allow the corporation to absorb liability for defendants' alleged illegal conduct.

Capital Advance Solutions did not operate for fraudulent or illegal purposes and plaintiff has produced no evidence from which the Court can infer the corporation operated in an unlawful matter to defendants' enrichment.  Defendants did not conduct themselves in any way inconsistent with the law and defendants' did not permit the corporation to operate in such a manner.

Plaintiff has not set forth any facts in his pleadings to satisfy the elements required to pierce the corporate veil.  Accordingly, defendants respectfully object to the Court's recommendation to permit a 60-day discovery period limited to the issues of the Court's personal jurisdiction over defendants and whether the corporate veil should be pierced.

**II. Defendants Charles Betta and Dan Logan Respectfully Object to the Court's Decision to Forgo a Ruling on the Portions of Defendants' Motions to Dismiss Contending Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Defendants  respectfully object to the Court's decision to forego a ruling on

defendants' Federal Rule of Civil Procedure 12(b)(6) arguments at the present time because plaintiff's complaint should be dismissed for failure to state a claim upon which relief should be granted regardless of defendants' personal jurisdiction contentions.

As defendants point out in their Motions to Dismiss, plaintiff's complaint fails to state facts sufficient to support a claim for relief. See Doc. 17; Doc. 20. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citation omitted). A cause of action cannot be inferred from the allegations set forth in plaintiff's complaint.

Plaintiff's complaint is completely devoid of any information linking the alleged telemarketing calls to Capital Advances Solutions LLC and defendants. Plaintiff does not set forth the telephone number from which he received the alleged calls, nor does plaintiff detail the content of the alleged calls. Plaintiff does not detail the "investigative technique" used to determine the calls were placed by or on behalf of Capital Advance Solutions and defendants, nor does plaintiff provide any proof within his complaint that Capital Advance Solutions, a New Jersey Corporation, conducted business in Texas.

As stated above, plaintiff's complaint is also completely devoid of information detailing illegal, fraudulent, or otherwise unlawful conduct occurring at the direction of defendants on behalf of Capital Advance Solutions LLC. Plaintiff lacks facts to support his allegations that the corporation was illegitimate, that defendants created a business strategy dependent upon illicit activity, that defendants used the corporation as an alter ego to shield themselves from liability, and that defendants were personally enriched by the

corporations' alleged illicit activity such that the corporate veil should be pierced.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007). Notwithstanding defendants' personal jurisdiction arguments, plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state anything more than mere assumptions and conclusions void of substantiating facts.

Accordingly, defendants respectfully object to the Court's decision to forego a ruling on defendants' Federal Rule of Civil Procedure 12(b)(6) arguments at the present time

## **CONCLUSION**

Defendants Charles Betta and Dan Logan respectfully object to the Court's recommendation to permit a 60-day discovery period limited to the issues of the Court's personal jurisdiction over defendants and whether the corporate veil should be pierced. Additionally, defendants respectfully object to the Court's decision to forego a ruling on defendants' Federal Rule of Civil Procedure 12(b)(6) arguments at this time.

Defendants hereby request that the Court dismiss plaintiff's complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), without permitting limited jurisdictional discovery, and for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**KENT & MCBRIDE, P.C.**

By: _____
Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com

Dated: February 5, 2019