United States District Court
Southern District of Texas
**ENTERED**
October 09, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL R. F. SCHUMACHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-0436 |
| § | |
| CAPITAL ADVANCE SOLUTIONS, § | |
| LLC, CHARLES BETTA, AND § | |
| DAN LOGAN, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant Charles Betta's ("Betta") and Defendant Dan Logan's ("Logan") (collectively, the "Individual Defendants") Amended Motion to Dismiss (Doc. 53). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

### I. Case Background

Plaintiff filed this lawsuit alleging that Defendants conducted an illegal telemarketing campaign in violation of numerous federal and state statutes.

### A. Factual Background

Plaintiff alleges the following:

Plaintiff is on the national do-not-call registry.[2] From

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 9, Ord. Dated May 8, 2018.

[2] See Doc. 1, Pl.'s Orig. Compl. p. 3.

September 2015 to April 2016, Plaintiff received a series of at least ten prerecorded telemarketing calls attempting to sell him a business loan. Plaintiff claims that these call occurred at the following dates and times (CST): (1) September 15, 2015, at 9:46; (2) November 30, 2015, at 14:36; (3) January 20, 2016, at 9:27; (4) February 8, 2016, at 12:27; (5) February 15, 2016, at 10:30; (6) March 8, 2016, at 11:54; (7) March 17, 2016, at 13:59; (8) March 18, 2016, at 9:44; (9) March 30, 2016, at 9:12; and (10) April 5, 2016, at 11:16.[3]

"Via investigative technique, Plaintiff successfully identified that the calls were being made by or on the behalf of Capital Advance Solutions, LLC ['CAS']."[4] Plaintiff alleges that the Individual Defendants created and implemented a business strategy reliant on the allegedly unlawful telephone calls for their own personal enrichment.[5]

Plaintiff followed up with Defendants to ask about their compliance with the Telephone Consumer Protection Act ("TCPA").[6] Defendants mocked Plaintiff and refused to take responsibility for the alleged violations.[7] Plaintiff believes that the Individual

---

[3] See id. pp. 2-3.

[4] See id. p. 4.

[5] See id.

[6] See id.

[7] See id.

2

Defendants are well aware of their actions and are wilfully violating the law.[8]

**B.  Procedural Background**

On February 13, 2018, Plaintiff filed his original complaint against CAS, Betta, and Logan.[9] Defendant Betta filed a motion to dismiss on June 1, 2018.[10] Defendant Logan filed a motion to dismiss on July 12, 2018.[11] On January 22, 2019, the court recommended that the motions be denied so that a limited discovery period could be conducted to determine whether the corporate veil should be pierced in order to assert jurisdiction over the Individual Defendants.[12] The discovery period was to be sixty days from the date the recommendation was adopted.[13] The recommendation was adopted on March 4, 2019.[14]

On July 22, 2019, Plaintiff filed a memorandum of facts and law, that purported to establish personal jurisdiction over the Individual Defendants.[15] Also on July 22, 2019, Plaintiff filed a

---

[8]  See id.

[9]  See id.

[10] See Doc. 17, Def. Betta's Mot. to Dismiss.

[11] See Doc. 23, Def. Logan's Mot. to Dismiss.

[12] See Doc. 39, Mem. & Recom. Dated Jan. 22, 2019.

[13] See id. p. 9.

[14] See Doc. 41, Ord. Dated Mar. 4, 2019.

[15] See Doc. 50, Pl.'s Mem. of Facts and Law.

motion for default judgment against Defendant CAS.[16] Defendant CAS has not appeared in the lawsuit. On August 9, 2019, the Individual Defendants filed their pending amended motion to dismiss.[17] Plaintiff did not file a response to the motion. The court will consider Plaintiff's memorandum to the extent that it responds to the amended motion to dismiss.

## II.   Legal Standards

The Individual Defendants filed their amended motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 12(b)(2).

### A.   Rule 12(b)(2)

A district court may dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant. See Fed. R. Civ. P. 12(b)(2). On a motion to dismiss decided without benefit of an evidentiary hearing, the burden is on the plaintiff to establish a prima facie case in support of jurisdiction. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis. Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008)(quoting Thompson v. Chrysler

---

[16]   See Doc. 51, Mot. for Default J.

[17]   See Doc. 53, Individual Defs.' Am. Mot. to Dismiss.

Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)). The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations. Johnston, 523 F.3d at 609.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if jurisdiction is consistent with due process under the United States Constitution. Johnston, 523 F.3d at 609. General jurisdiction exists for any and all claims when the contacts are "so continuous and systematic as to render" the defendant "essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)(internal quotation marks omitted)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Specific jurisdiction exists if the asserted cause of action "arises out of or relates to the defendant's contacts with the forum." Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).

B. **Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H.

5

Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). The court may also consider, in addition to the complaint itself, "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

### III. Analysis

The Individual Defendants move for dismissal of Plaintiff's claim on the grounds that: (1) the court lacks personal jurisdiction over them; and (2) Plaintiff failed to allege facts

6

sufficient to state a claim.[18] Plaintiff argues that the court has personal jurisdiction and that he has alleged sufficient facts to support his claims. "A court must find jurisdiction, both subject matter and personal, before determining the validity of a claim." Guidry v. United States Tobacco Co., 188 F.3d 619, 623 n.2 (5th Cir. 1999). Accordingly, the court will first address personal jurisdiction.

The Individual Defendants are domiciled in New Jersey and have no business or personal ties to Texas.[19] Plaintiff alleges that the court has personal jurisdiction over the Individual Defendants because they caused and directed phone calls to be made to Texas as a part of a telemarketing campaign and in violation of numerous statutes.[20] Plaintiff also alleges that when Plaintiff called Defendant CAS to complain about the phone calls, he spoke with the Individual Defendants who made misrepresentations about whether Defendant CAS made telemarketing calls.[21] Accordingly, because this alleged "fraud" occurred partially in Texas, the Individual Defendants are subject to personal jurisdiction.[22]

Fifth Circuit courts have held that:

---

[18] See Doc. 53, Individual Defs.' Am. Mot. to Dismiss pp. 6, 17.

[19] See Docs. 53-4 & 53-5, Exs. D & E to Individual Defs.' Am. Mot. to Dismiss, Affs. of Individual Defs.

[20] See Doc. 1, Pl.'s Orig. Compl. p. 4.

[21] See Doc. 50, Pl.'s Mem. of Facts and Law p. 8.

[22] See id.

> personal jurisdiction over individual officers and employees of a corporation may not be predicated on the federal court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within the forum court's jurisdiction that would subject them to the application of the state's long-arm statute.

Cunningham v. Florio, Civil Action No. 4:17-CV-00839, 2018 WL 4473792, at *11 (E.D. Tex. Aug. 6, 2018)(internal quotation marks omitted)(citing Cooke v. Jaspers, Civil Action No. H-07-3921, 2010 WL 918342, at *3 (S.D. Tex. Mar. 10, 2010)). Thus, generally, the court would not have personal jurisdiction over the Individual Defendants because their only alleged contacts with the State of Texas were in a corporate capacity and on behalf of Defendant CAS.

However, Plaintiff previously alleged that the Individual Defendants: (1) used Defendant CAS as a corporate shield to evade personal liability for their unlawful conduct; and (2) have stripped Defendant CAS of its assets and are allowing it, now a defunct corporation, to absorb the civil liability for their own illegal conduct.[23] The court allowed Plaintiff a brief discovery period to support these allegations because the court found that, if true, the alleged facts would allow Plaintiff to pierce the corporate veil of Defendant CAS.[24]

Generally, the corporate veil prevents personal liability for tort or contract obligations of the corporation. Castleberry v.

---

[23] See Doc. 18, Pl.'s Resp. to Def. Betta's Mot. to Dismiss pp. 9-10; Doc. 26, Pl.'s Resp. to Def. Logan's Mot. to Dismiss p. 6.

[24] See Doc. 39, Mem. & Recom. Dated Jan. 22, 2019.

8

Branscum, 721 S.W.2d 270, 271 (Tex. 1986) superseded on other grounds by statute. However, under Texas law, "there are three broad categories in which a court may pierce the corporate veil: (1) the corporation is the alter ego of its owners and/or shareholders; (2) the corporation is used for illegal purposes; and (3) the corporation is used as a sham to perpetuate fraud." Rimade Ltd. v. Hubbard Enterprises, Inc., 388 F.3d 138, 143 (5th Cir. 2004).

To pierce the corporate veil under a tort dispute, a tort claimant is only required to show constructive fraud, under which "[n]either fraud nor an intent to defraud need be shown as a prerequisite to disregarding the corporate entity; it is sufficient if recognizing the separate corporate existence would bring about an inequitable result." Castleberry, 721 S.W.2d at 272-73 (alteration in original)(citations omitted).[25] Inequitable results occur "when the corporate structure has been abused to perpetuate a fraud, evad[e] an existing obligation, achieve or perpetuate a monopoly, circumvent a statute, protect a crime, or justify wrong." SSP Partners v. Gladstrong Invs. (USA) Corp., 275 S.W.3d 444, 451 (Tex. 2008). While ordinarily the corporate veil insulates an individual from personal jurisdiction, when the veil is pierced the court may assert personal jurisdiction over the individual. See

---

[25] The holding in Castleberry no longer applies to contractual disputes pursuant to Tex. Bus. Orgs. Code § 21.223. The holding is untouched regarding tort disputes.

9

e.g. <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1197 (5th Cir. 1985).

These standards were articulated in the court's previous recommendation. In Plaintiff's memorandum of facts and law, he does not support the allegations that the court found important in its consideration of piercing the corporate veil. Importantly, Plaintiff failed to establish that the Individual Defendants stripped Defendant CAS of its assets such that an inequitable result will occur if Defendant CAS bears the liability of Plaintiff's lawsuit. Instead, Plaintiff primarily focused on the nature of the phone calls made to him and arguments regarding vicarious liability for the actions of various marketing firms. Plaintiff also cites to case law where corporations were held liable for phone calls made in violation of the TCPA.[26] See <u>Gomez v. Campbell-Ewald Co.</u>, 768 F.3d 871, 873 (9th Cir. 2014). None of these allegations or arguments shows that an inequitable result will occur unless the corporate veil is pierced.

Plaintiff also added his argument regarding the Individual Defendants being subject to personal jurisdiction because of their alleged misrepresentations during his phone call where he complained of the alleged TCPA violations. First, Plaintiff does not support this allegation with any evidence. Second, even if

---

[26] Additionally, Plaintiff cites to case law purporting to support his contention that corporate officers could be liable for phone calls made in violation of the TCPA. Most of the citation to these cases are in error. To the extent any of these cases addresses individual liability for phone calls made on behalf of a corporation, Plaintiff may provide accurate citations in a timely filed objection.

supported, it does not establish personal jurisdiction over the Individual Defendants because, like the other phone calls, the Individual Defendants were acting on behalf of Defendant CAS.

From the court's review of Plaintiff's discovery propounded upon the Individual Defendants, it appears that Plaintiff only asked one question relevant to the court's personal jurisdiction inquiry.[27] Plaintiff asked the Individual Defendants who profited from Defendant CAS's dissolution.[28] In response, the Individual Defendants indicated that Defendant CAS had not filed for dissolution.[29] Accordingly, this discovery actually weighs against a finding of inequitable results.

It was Plaintiff's burden to show that, absent a piercing of Defendant CAS's corporate veil, there would be an inequitable result in this lawsuit. Plaintiff has failed to meet that burden. Accordingly, the Individual Defendants should be **DISMISSED** from this lawsuit for lack of personal jurisdiction.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that the Individual Defendants' motion be **GRANTED.**

---

[27] See Docs. 53-1 & 53-2, Exs. A & B to Individual Defendants' Am. Motion to Dismiss, Individual Defendants' Discovery Resps. pp. 7-8.

[28] See id.

[29] See id.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 9th day of October, 2019.

_____
U.S. MAGISTRATE JUDGE