US DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Paul R. F. Schumacher,  *Plaintiff.*<br>v.<br>Capital Advance Solutions LLC<br>Charles Betta<br>Dan Logan,  *Defendants.* | Case No. 4:18-CV-00436 |

# PLAINTIFF'S OBJECTIONS TO DISMISSAL

## I. Introduction

This court has entered a proposed order of dismissal with prejudice for defendants Betta and Logan. Plaintiff presents the following objections:

The first major area of objection is that the court has stated that plaintiff has failed to meet the burden of proof to establish that the defendant CAS is merely an alter-ego for defendant Beta or that the defendants have drained the assets of CAS in order to render a judgement against it unenforceable. The objection of the plaintiff is that this is because the court failed to compel the discovery that would establish it. This occurred in three ways:

- The Court allowed defendants to ignore discovery requests and then accepted an untimely objection over them.

- The Court disallowed discovery to show that CAS was not a separate entity from Mr. Betta.

1  •     The Court disallowed discovery to show that CAS had been striped of assets by the
2        defendants.

3      The court then went on to state that Plaintiff had chosen not to establish this financial
4  interdependency, and Plaintiff strongly objects to that conclusion, as it was the court that
5  prevented him from doing so by withholding crucial evidence to that argument.

6      The second major area of objection is that the court has relied on the affidavits of the
7  defendants as if they are factual, after Plaintiff has shown evidence of at least one untruth
8  in them, rendering their entire truthfulness questionable at best.

9      The third major area of objection is that the plaintiff believes that the court has applied
10 too strong a remedy for the supposed failure to establish jurisdiction over the individual
11 defendants. The plaintiff contends that instead of dismissing with prejudice, the case should
12 be transferred to a court which does have personal jurisdiction over the defendants, in their
13 home state of New Jersey.

14

15 **II.   First Objection: Discovery Withheld**

16     22.9pt0.1pt Untimely Quashing of Discovery Last year, defendants' counsel and plaintiff
17 conferred by phone per rule 26 and set a discovery calendar, including deadlines for
18 responding to document requests and interrogatories. Plaintiff complied fully with the
19 calendar. Defendants did not, and simply ignored Plaintiff's requests for documentation.

20     Upon receiving Plaintiff's motion to compel defendants to comply with the discovery
21 calendar that they had agreed to, defendants filed a set of objections to those requests.
22 However, the statutory deadline for those objections had passed, and they were untimely.
23 Regardless of this issue being raised by Plaintiff, the court allowed the objections, and
24 allowed defendants to substantially ignore the requests of Plaintiff.

25     22.9pt0.1pt Evidence for Corporate Veil As part of the court's ruling, it noted that
26 Plaintiff had not sufficiently established that the defendant CAS was simply an alter-ego for
27 defendant Betta. However, this lack was due to the court failing to pass on the appropriate
28

information from its in-camera review and failing to compel defendants to produce the required documents.

As part of Plaintiff's discovery requests, Plaintiff requested a copy of the portion of the company's tax returns to establish ownership. This would have been either the LLC statement of ownership percentages if the company had multiple owners, or a portion of Mr. Betta's schedule C if he was the only owner.

However, the court denied plaintiff's requests for these documents, and instead opted for an in-camera review. The court then only informed Plaintiff that Mr. Betta was an owner and Mr. Logan was not. Plaintiff rerequested the actual percentage of ownership, which was not forthcoming.

This fact is crucial to establish that Mr. Betta is the sole owner of the company, and therefore, it is a disregarded entity for tax purposes, and is financially speaking, just an alter-ego for defendant, used to commit the torts against plaintiff (and millions of others) using the company as cover from lawsuits. Unfortunately, the court chose to deny Plaintiff access to this fact, and then ruled that without it, Plaintiff had not established the financial connection well enough to pierce the corporate veil.

### A. Evidence for Company Assets Looted

Similarly to the above, as part of plaintiff's discovery requests, he requested a statement of all payouts by the company to the defendants as well as a statement of its divestment of assets during its dissolution, as defendants had admitted that the company was now defunct. This evidence would not only have helped establish the financial interdependency of the company with at least one or possibly both of the defendants, but would have also established the "financial gain" portion of plaintiff's fraud claim against them. In addition, it would have established that the company was financially void, and thus being used as a paper shield against the claims of this and similar lawsuits, by allowing it to have default judgement rendered against it without any assets to seize as part of that judgement.

Unfortunately, while this evidence would have helped establish the plaintiff's claims of jurisdiction, the court chose to deny plaintiff access to this evidence.

### B. Conclusion of the First Objection

In conclusion, the court has allowed defendants to withhold evidence that would verify or falsify plaintiff's claims against them in order to establish personal jurisdiction over them, and has done so despite no timely objection from defendants. Then the court has criticized plaintiff for failing to obtain this evidence and proposes to dismiss the case against the individual defendants based on its lack.

## III. Second Objection: Reliance on False Statements

In its proposed ruling, the court relies on the statements of the defendants as if they were factual. Unfortunately, the statements have already been shown to be non-factual in at least one part by third-party evidence. Therefore, plaintiff contends that the court cannot rely on the veracity of any part of their statements without independent evidence establishing it.

Specifically, the defendants claimed that all telemarketing vendors with the company were required to sign a contract with them stipulating to a strict adherence to the TCPA and other telemarketing rules. (See attachment B, Answer 1.) However, the evidence from one of their telemarketing firms (Channel Growth) contradicts this, stating that no such contract was signed by them. This falsifies the defendant's statement that they required such a contract. (See attachment A, Item 5). They do state that they require their subcontractors to follow such rules, but they also refute defendants' claim of a contract between CAS and Channel Growth stipulating this. Therefore, the defendants' statement cannot be truthful in this instance.

To put it bluntly, if they lied here, they cannot be assumed to have been telling the truth anywhere else. Plaintiff respectfully requests the court to reconsider its proposed ruling without regarding the defendant's statements as factual.

## IV. Third Objection: Inappropriate Remedy

In its proposed order, the court rules that it does not have personal jurisdiction over the defendants as they contend they were solely acting on behalf of the company, not in their individual capacity, therefore the alleged torts committed by them that would allow the Texas Long Arm statutes to come into effect only apply to the company, not to them individually. The court then bases its dismissal on its lack of jurisdiction over the individuals personally, as they are not residents of this state.

Regardless of his disagreement with the conclusion, Plaintiff contends that the court's conclusion is only one of venue, and therefore the only just remedy would be a change of venue to the defendant's home state of New Jersey. Plaintiff has previously requested this alternate remedy in his response to defendants' initial motions to dismiss, and believes that if the court does not change its ruling about the other issues raised here, that it at least give the plaintiff an equitable remedy instead of denying any ability to continue the case in what the court believes is the more appropriate venue.

## V. Conclusion

In conclusion, the court's proposed ruling is objectionable to plaintiff in three ways. It cites a lack of evidence for certain claims because it denied Plaintiff access to that evidence, and did so due to an untimely objection by defendants. The ruling treats the defendants' statements as factual when they have been at least partially falsified. The ruling gives an inequitable result based on the jurisdictional issue by ending the case against the individual defendants instead of transferring it to a venue which does have the appropriate individual jurisdiction.

Therefore, the plaintiff humbly requests that the court stay its ruling and either:

- Remedy the evidentiary failings by allowing plaintiff access to the documents needed to prove his claims regarding the financial nature of CAS and the looting of it to avoid judgement

- OR that the court transfers the case against the individual defendants to the appropriate New Jersey court in order to continue without needing to resolve the long-arm jurisdictional question against them.

Dated: October 23, 2019

/s/Paul R. F. Schumacher

Paul R. F. Schumacher
Plaintiff (Pro Se)

CERTIFICATE OF SERVICE I HEREBY CERTIFY that on October 23, 2019, a true and correct copy of the foregoing was filed electronically with the Clerk of Court, which will serve copies to all counsel and parties of record registered to receive CM/ECF notification.