# Attachment A

Subpoena to Product Documents Response

Item 1: Channel Growth did not make any calls to 979 575 0107. Channel Growth acted as a broker in selling leads to Capital Advance Solutions that were generated by a 3rd party. From Channel Growth's internal records and lead lists, we have no record of 979 575 0107 being called by a 3rd party either. This 3rd party is overseas and is no longer in business. We were not able to get a hold of any representative who formerly worked for this 3rd party to acquire any additional documents or records.

Item 2: Channel Growth did not make any calls to the 979 area code. Channel Growth acted as a broker in selling leads to Capital Advance Solutions that were generated by a 3rd party. From Channel Growth's internal records and lead lists, we have recorded 4 calls/leads that were made to the 979 area code by a 3rd party. The 3rd party is overseas and is no longer in business. We were not able to get a hold of any representative who formerly worked for this 3rd party to acquire any additional documents records.

Item 3: We passed on 2,400 leads to Capital Advance Solutions in 2015-2016.

Item 4: We passed on 500 leads to Capital Advance Solutions in 2015-2016 from Texas.

Item 5: I can not locate any contracts between Channel Growth and Capital Advance Solutions. I do not know that there were ever any signed agreements between Channel Growth and Capital Advance Solutions. Capital Advance Solutions was aware of the TCPA compliance guidelines that we had in place for our vendors.

Item 6: Channel Growth requires all companies who generate leads for it to comply with TCPA guidelines. The guidelines they are required to follow are included on the following page.

Item 7: There has been absolutely no contact (written or otherwise) between Channel Growth and any current or former employees/representatives of Capital Advance Solutions in 2019.

# Attachment B

unreasonable burden and expense. [Objection on the grounds of "Availability."]

H. Defendant objects to each interrogatory to the extent it seeks information that is confidential, trade secret, subject to privacy rights or otherwise proprietary in nature, the disclosure of which would or could harm defendant. [Objection on the grounds of "Proprietary Information."]

I. Defendant objects to the manner in which plaintiff assorts and labels the interrogatory sections. The defendant further objects to the manner in which the plaintiff defines the terms culpability, benefit and jurisdiction. Defendant does not concede he is culpable or received a benefit as defined by the plaintiff or under the law applicable to the issues in this case. Furthermore, defendant maintains he is not subject to jurisdiction of this court.

## DEFENDANT CHARLES BETTA'S ANSWERS TO INTERROGATORIES

I.

1. Were you aware that a prerecorded message was being used to generate leads or telemarket either by your company or other associates, or on your behalf?

   **ANSWER:**

   **I am not aware of any prerecorded messages on my behalf. I am aware that CAS selected third-party lead generation specialists to forward to CAS business to business leads on an ala carte basis provided that they followed TCPA and state regulations regarding telemarking. CAS did not control the vendors or determine what businesses they called. The vendors were specifically instructed to comply with all aspects of the TCPA and state regulations regarding telemarketing. Vendors were required to sign an agreement to comply with federal and state regulations. See attached.**

2. List the venue, case number, and resolution of each federal lawsuit brought against you or the company since 2010 until 2015 for telemarketing violations:

   **ANSWER:**

   **The defendant objects to this request as overbroad and beyond the scope of jurisdictional discovery. The fact that a lawsuit was filed against the defendants and the disposition of that lawsuit does not address the issue of whether this court has personal jurisdiction over the defendants in this case. Without waving the objection, the defendant is aware that in 2015 CAS was sued in:**

   ***Ryan Alcorn v. Capital Advance Solutions* US District Court for the Southern District of Texas 15-cv-02369. A default judgment was entered. The matter was transferred to US District Court in New Jersey 1:7 MC-8 NLH. The matter was ultimately settled without any admission of wrongdoing. I was not a party to this lawsuit.**

3. After lawsuits were filed, which served beyond any doubt to make you aware of the rules you had been violating, what steps were taken or procedures implemented to prevent violations of those rules in the future, including: failing to screen out cell phones, use of