IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL R. F. SCHUMACHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0436 |
| | § | |
| CAPITAL ADVANCE SOLUTIONS, | § | |
| LLC, CHARLES BETTA, AND | § | |
| DAN LOGAN, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM, RECOMMENDATION, AND ORDER**

Pending before the court[1] is Plaintiff's Motion for Default Judgment against Defendant Capital Advance Solutions ("Defendant CAS") (Doc. 51) and Plaintiff's Motion for Miscellaneous Relief (Doc. 56). The court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion for default judgment be **GRANTED** and **GRANTS** the motion for miscellaneous relief.

Plaintiff filed this action on February 13, 2018, alleging that Defendants conducted an illegal telemarketing campaign in violation of numerous federal and state statutes.[2] On May 7, 2018, Plaintiff filed a return of service of summons reflecting that on April 27, 2018, Defendant CAS had been served through its registered agent, Defendant Charles Betta ("Defendant Betta"), and

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 9, Ord. Dated May 9, 2018.

[2] See Doc. 1, Pl.'s Orig. Compl.

that Defendant Betta had been served personally.[3] Defendant CAS has not appeared in this lawsuit. On June 1, 2018, Defendants Betta and Dan Logan ("Logan") filed a motion to dismiss for lack of personal jurisdiction in response to Plaintiff's complaint.[4] On January 22, 2019, the court recommended that the motion to dismiss be denied so that the parties could participate in jurisdictional discovery.[5] That recommendation was adopted on March 4, 2019.[6]

On July 22, 2019, Plaintiff filed a motion for default judgment against Defendant CAS.[7] Federal Rule of Civil Procedure 55(b)(2) addresses default judgments entered by the court, stating that the suing party must apply for a default judgment, and that the court may conduct hearings as necessary to determine the amount of damages. Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)."

On October 9, 2019, the court ordered Plaintiff to comply with Local Rule 5.5.[8] The same day, Plaintiff mailed Defendant CAS's registered agent, Defendant Betta, the motion for default

---

[3] See Doc. 7, Return of Service of Summons.

[4] See Doc. 17, Defs.' Mot. to Dismiss.

[5] See Doc. 39, Mem. & Recom. Dated Jan. 22, 2019.

[6] See Doc. 41, Ord. Dated Mar. 4, 2019.

[7] See Doc. 51, Pl.'s Mot. for Default J.

[8] See Doc. 54, Ord. Dated Oct. 9, 2019.

judgment.[9]  Delivery was attempted and notice was left for Defendant Betta, but for some unspecified reason, the delivery was unsuccessful.[10]  Since October 15, 2019, the package has been sitting at the post office waiting for Defendant Betta's retrieval.[11]

On October 23, 2019, Plaintiff filed a motion for miscellaneous relief asking that the court find that he has sufficiently complied with Local Rule 5.5.[12]  Defendant Betta is an active participant in this lawsuit on an individual basis, Plaintiff has attempted to comply with Local Rule 5.5, and Defendant Betta has previously attempted to evade service.  For these reasons, the court finds that Plaintiff has sufficiently complied with Local Rule 5.5 and **GRANTS** Plaintiff's motion for miscellaneous relief.

The Fifth Circuit has acknowledged the district court's discretionary authority to employ default judgment "in the interest of the orderly administration of justice." Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968); but see Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 805 (5th Cir. 2012)(stating that the granting

---

[9] See Doc. 56-1, Ex. B to Pl.'s Mot. for Miscellaneous Relief, USPS Tracking History.

[10] See id.

[11] See id.

[12] See Doc. 56, Pl.'s Mot. for Miscellaneous Relief.

of motions that are dispositive of litigation should not be automatic). A default judgment is considered a drastic remedy to which the court should resort only in extreme situations. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001).

Here, Plaintiff has proven service of process on Defendant CAS and has complied with all of the requirements to justify granting entry of default. As of the date of this recommendation, which is more than a year after service of process, Defendant CAS has not answered or made an appearance. Therefore, the court **RECOMMENDS** that Plaintiff's motion for default judgment be **GRANTED**. If this recommendation is adopted, the court will schedule a hearing to determine damages.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 4th day of November, 2019.

Nancy K. Johnson
United States Magistrate Judge