United States District Court
Southern District of Texas
**ENTERED**
June 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL R. F. SCHUMACHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0436 |
| | § | |
| CAPITAL ADVANCE SOLUTIONS, | § | |
| LLC, CHARLES BETTA, AND | § | |
| DAN LOGAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff filed this lawsuit[1] against Capital Advance Solutions, LLC ("CAS"), Charles Betta ("Betta"), and Dan Logan ("Logan") alleging causes of action under 42 U.S.C. § 227(b)(3) ("Section 227(b)(3)"), 42 U.S.C. § 227(c)(5) ("Section 227(c)(5)"), and Texas Business and Commerce Code § 304.257 ("Section 304.257").[2] Plaintiff also alleged fraud.

On October 9, 2019, the court recommended that Betta and Logan be dismissed from this lawsuit because the court lacked personal jurisdiction over them.[3] On November 4, 2019, the court recommended that default judgment be granted against Defendant

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 9, Ord. Dated May 8, 2018.

[2] See Doc. 1, Pl.'s Orig. Compl.

[3] See Doc. 55, Mem. & Recom. Dated Oct. 9, 2019.

CAS.[4]  Those recommendations have been adopted.[5]

## I. Factual Background

On March 17, 2020, the court held a hearing on Plaintiff's damages for his claims against Defendant CAS. Based on Plaintiff's testimony at that hearing, and the evidence in the record, the court makes the following recommended findings of fact.

Plaintiff's cell phone number is on the national do-not-call registry.[6] From September 2015 to April 2016, Plaintiff received on his cell phone a series of at least ten prerecorded telemarketing calls attempting to sell him a business loan. These calls occurred at the following dates and times (CST): (1) September 15, 2015, at 9:46; (2) November 30, 2015, at 14:36; (3) January 20, 2016, at 9:27; (4) February 8, 2016, at 12:27; (5) February 15, 2016, at 10:30; (6) March 8, 2016, at 11:54; (7) March 17, 2016, at 13:59; (8) March 18, 2016, at 9:44; (9) March 30, 2016, at 9:12; and (10) April 5, 2016, at 11:16.[7]

Plaintiff successfully identified that the calls were being made on behalf of Defendant CAS. Betta was CAS's President and Logan was CAS's CFO. Following the first phone call, Plaintiff followed up with Defendant CAS, Betta, and Logan, to ask about

---

[4]   See Doc. 58, Mem. & Recom. Dated Nov. 4, 2019.

[5]   See Docs. 59 & 60, Ords. Dated Nov. 2019.

[6]   See Doc. 1, Pl.'s Orig. Compl. p. 3.

[7]   See id. pp. 2-3.

their compliance with the Telephone Consumer Protection Act ("TCPA"). Betta and Logan mocked Plaintiff and refused to take responsibility for the alleged violations.[8]

## II. Analysis

Plaintiff brings three statutory causes of action and a fraud claim. The court will address each in turn.

### A. Section 304.257

Texas Business and Commerce Code Section 304.052 ("Section 304.052") provides that "[a] telemarketer may not make a telemarketing call to a telephone number published on the Texas no-call list more than 60 days after the date the telephone number appears on the current list." Section 304.257 provides consumers with civil cause of action against a telemarketer who violates Section 304.052. In order to recover under Section 304.257, a plaintiff must show that:

> (1) the consumer has notified the telemarketer of the alleged violation;
>
> (2) not later than the 30th day after the date of the call, the consumer files with the [Public Utility Commission], the attorney general, or a state agency that licenses the person making the call a verified complaint stating the relevant facts surrounding the violation; and
>
> (3) the [Public Utility Commission], attorney general, or state agency receiving the complaint does not initiate an administrative action or a civil enforcement action, as appropriate, against the telemarketer named in the complaint before the 121st day after the date the complaint is filed.

---

[8] See id. p. 4.

Plaintiff has shown violations of Section 304.052 and that he notified Defendant CAS about the violations. However, Plaintiff has not alleged or shown that he filed a complaint with the Public Utility Commission, the Texas Attorney General, or any state agency or that such an entity did not initiate a civil enforcement action following Plaintiff's filing of a complaint. Accordingly, the court cannot award Plaintiff any Section 304.257 damages.

**B.   Section 227(b)(3)**

Section 227(b)(3) provides a cause of actions for violations of Section 227(b)(1). A corporation violates Section 227(b)(1) when it:

> make[s] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States.

Under Section 227(b)(3) a victim of a Section 227(b)(1) violation may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. § 227(b)(3)(B). If the court finds that the defendant's violation was committed willfully or knowingly, the court may increase the plaintiff's award by not more than three times the amount available. 47 U.S.C. § 227(b)(3).

Defendant CAS made ten phone calls to Plaintiff's cell phone using a prerecorded voice. After the first phone call, Plaintiff

4

informed representatives of Defendant CAS of the violation. Thus, the following nine phone calls were made "willfully" or "knowingly." All ten phone calls violated Section 227(b)(1). Plaintiff is entitled to $500 for each of the ten violations. For the nine violations that were committed "willfully" or "knowingly," the court finds that an additional $1000 per violation is appropriate. Plaintiff's total damages for his Section 227(b)(3) cause of action are $14,000.

C. **Section 227(c)(5)**

Section 227(c) required the Federal Communications Commission to create the National Do Not Call Registry in which Plaintiff is enrolled. Section 227(c)(5) provides a cause of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" Section 227(c). It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the do not call registry. 47 U.S.C. § 227(c)(3)(F). A Section 227(c)(5) action may be brought "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. § 227(c)(5)(B). If the court finds that the defendant's violation was committed willfully or knowingly, the court may increase the plaintiff's award by not more than three times the amount available. 47 U.S.C. § 227(c)(5).

All ten phone calls made to Plaintiff were violations of Section 227(c) because they were made within a 12-month period and Plaintiff was listed on the Do Not Call Registry.  After the first phone call, Plaintiff informed representatives of Defendant CAS of the violation.  Thus, the following nine phone calls were made "willfully" or "knowingly."  Plaintiff is entitled to $500 for each of the ten violations.  For the nine violations that were committed "willfully" or "knowingly," the court finds that an additional $1000 per violation is appropriate.  Plaintiff's total damages for his Section 227(c)(5) cause of action are $14,000.

**D.    Fraud**

Plaintiff also seeks damages for fraud.  Plaintiff argues that he should receive the statutory damages discussed above for fraud associated with the phone calls he received.  Plaintiff cites no case that allows statutory TCPA damages to be awarded for a fraud claim.  Additionally, Plaintiff does not plead any actual injury, which is a requirement of a fraud claim.  See, e.g., JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C., 546 S.W.3d 648, 653 (Tex. 2018).  Plaintiff is not entitled to damages for his fraud claim.

### III.   Conclusion

Based on the foregoing, the court **RECOMMENDS** that Final Judgment be entered in favor of Plaintiff, against Defendant CAS, in the amount of $28,000.

The Clerk shall send copies of this Memorandum and

Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 8th day of June, 2020.

Nancy K. Johnson
United States Magistrate Judge