US DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Paul R. F. Schumacher,<br>　　　　　　　　　　*Plaintiff.*<br>　　　　v.<br>Capital Advance Solutions LLC<br>Charles Betta<br>Dan Logan,<br>　　　　　　　　　　*Defendants.* | Case No. 4:18-CV-00436 |

**PLAINTIFF'S MOTION TO COMPEL AND FOR CONTEMPT**

## I. Introduction

Mr. Betta has failed to respond to a post-judgement discovery subpoena requesting financial documents for Capital Advance Solutions, LLC. This is a further instance of Mr. Betta ignoring procedure and deadline by this court, after being warned against doing so by this court.

Plaintiff requests this court find Mr. Betta in contempt and compel him to respond to the subpoena.

## II. Requested Relief

Plaintiff requests two actions from this court, inextricably intertwined.

- That Mr. Betta be compelled to comply with the subpoena as part of post-judgement discovery.

- That the court enforce such compulsion with a finding of contempt and fines until Mr. Betta complies with this court.

In order to render the judgement of this court effective, plaintiff is attempting to discover the remaining assets of CAS in order to go through the process of having them seized for payment.

Plaintiff also wishes to ascertain the disposition of the assets removed from the company in response to the filing of this lawsuit, as Mr. Betta appears to be further using his company to shield himself from liability for his illegal business strategy by simply leaving nothing to pay the judgement out of.

Mr. Betta has demonstrated throughout this case a strategy of just ignoring it as much as the court allows in order to avoid the consequences of his illegal business actions. Without a penalty to compel him, he will simply ignore any deadline. He has been previously warned by this court for this wilful disregard of procedural deadline. Ergo, a contempt fine is going to be necessary to motivate him to follow the law and procedures of this court.

### III.  History

In early 2018, Plaintiff filed a lawsuit against Capital Advance Solutions, LLC (hereinafter CAS), and included Mr. Betta as one of the defendants as its owner, manager, and registered agent.

During the process for this, Mr. Betta took a series of actions to delay or refuse participation in this suit.

- Mr. Betta refused to respond to the initial request for waiver for service.

- Mr. Betta ignored the discovery deadlines agreed upon by his attorney in the rule 26 meeting.

- Mr. Betta only filed objections to discovery after a motion to compel was brought against him, and missed both the deadline for objections and responses to discovery AND the deadline for responding to the motion itself.

- Mr. Betta chose to direct his attorney to not respond on the company's behalf, but only on his own.

- When ordered by this court to pay reimbursement for service, Mr. Betta failed to meet that deadline as well and only complied when sanctions were on the table for his contempt.

Plaintiff filed a motion to compel Mr. Betta to comply with the court's deadline for payment and the statutory deadlines for discovery. During that hearing, Magistrate Judge Nancy Johnson warned defendants to "do better" regarding deadlines and procedure.

Mr. Betta was subsequently removed as a defendant by the court, citing corporate liability shield, over plaintiff's objections that the company was merely a disregarded entity used by Mr. Betta to hide from legal liability for his actions.

In June of 2020, as CAS had failed to appear, this court granted a default judgement against Capital Advance Solutions, LLC for damages and costs, plus interest. CAS (and Mr. Betta as its owner and operator) failed to pay the judgement and failed to respond to queries by plaintiff regarding payment.

Plaintiff filed a subpoena for financial records for CAS in order to accomplish post-judgement discovery of assets (or their disbursement) from which to recover the judgement. [SEE ATTACHMENT A] The subpoena was issued to Mr. Betta as registered agent and keeper of records. This court issued the requested subpoena on 13-OCT-2020, and it was subsequently served to Mr. Betta by registered mail on 23-OCT-2020, with a deadline of 45 days from date of issuance (which would make the deadline 27-NOV-2020). [SEE ATTACHMENT B]

Mr. Betta has, predictably, also failed to respond to this subpoena, demonstrating his complete contempt for the deadlines and procedures of this court.

In addition, Plaintiff has found through other post-judgement discovery that Mr. Betta has indeed drained assets from CAS. In the months immediately following the initial request for waiver of service, Mr. Betta directly withdrew more than $50,000 from the main

operating account of CAS, leaving only the minimum to continue operations. This was a blatant and obvious attempt to hide these funds from the eventual judgement that was inevitable since he directed his attorney not to defend CAS for its egregious violations of the TCPA (or even to appear on CAS behalf).

In short, Mr. Betta has a history of bad faith actions and ignoring procedure and deadlines in this court, and has been warned about the same by this court.

### IV.  Summary

Mr. Betta has once again ignored a deadline for process in this case, despite a previous warning by this court in this case regarding deadlines. He has ignored a duly-issued and served subopoena for post-judgement discovery records.

His actions show clear contempt for the process and the authority of this court. Plaintiff humbly requests that Mr. Betta be compelled to respond with the requested records and held in contempt until he does.

Dated: December 10, 2020

/s/Paul R. F. Schumacher
———————————————
Paul R. F. Schumacher
Plaintiff (Pro Se)

1 CERTIFICATE OF SERVICE I HEREBY CERTIFY that on December 10, 2020, a true
2 and correct copy of the foregoing was filed electronically with the Clerk of Court, which will
3 serve copies to all counsel and parties of record registered to receive CM/ECF notification.
4 Additionally, a copy of this motion was sent to the respondent, Charles Betta via
5 certified mail at his address of:
6 Charles Betta
7 3 Oldwick CT
8 Leonardo, NJ 07737