United States District Court
Southern District of Texas
**ENTERED**
February 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL R.F. SCHUMACHER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-0436 |
| | § | |
| CAPITAL ADVANCE SOLUTIONS, LLC, | § | |
| ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel and for Contempt. ECF 74.[1]  For the reasons set forth below, the Motion is DENIED.

Plaintiff sued Capital Advance Solutions, LLC (CAS), CAS President Charles Betta, and CAS Chief Financial Officer Dan Logan on February 13, 2018 alleging CAS conducted an illegal telemarketing campaign in violation of 47 U.S.C. §§ 227(b)(3) and (c)(5) and Texas law.  Defendant CAS did not answer or otherwise appear in response to the summons and complaint and the District Court granted Plaintiff's motion for default judgment against it on November 22, 2019.  ECF 59.  The District Court dismissed Plaintiff's claims against Defendants Betta and Logan on November 26, 2019.  ECF 60. On June 25, 2020 the District Court entered final judgment in favor of Plaintiff against CAS in the amount of $28,000 plus post-judgment interest.  ECF 65.

---

[1] The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 76.

Since entry of final judgment, Plaintiff, representing himself pro se, has been attempting to secure discovery to aid in collection of his judgment. On October 13, 2020 the Clerk's office issued and returned to Plaintiff for service a subpoena directed to Charles Betta at an address in Leonardo, N.J. The Subpoena directs Betta to produce documents related to the assets for CAS to Plaintiff's email address on or before August 4, 2020. ECF 74-1. Plaintiff mailed the Subpoena to Betta by certified mail. ECF 74-2. Betta did not comply or otherwise respond to the Subpoena. Plaintiff filed the pending Motion to Compel and for Contempt on December 10, 2020, serving it on Betta by certified mail to the same address as the Subpoena. ECF 74 at 5.

Pursuant to Federal Rule of Civil Procedure 69(a)(2), Plaintiff is entitled to post-judgment discovery in accordance with Federal or Texas procedure. *Jung v. Accredited Manag. Solutions, LLC*, Civil Action No. H-20-487, 2020 WL 7263186, *1 (S.D. Tex. Dec. 9, 2020). A subpoena from a federal court such as that issued in this case is governed by Federal Rule of Civil Procedure 45. Rule 45 requires service of a subpoena by "delivering a copy to the named person." FED. R. CIV. P. 45(b)(1). The Fifth Circuit interprets Rule 45(b)(1) to require personal delivery. *See. e.g.*, *Lexington Ins. Co. v. Harvia Oy*, No. 4:13-CV-713-O, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013) (citing cases). Because Plaintiff attempted to serve Betta by certified mail, service of the subpoena was deficient. *Id.*; *Plata v. Triton Diving Servs., L.L.C.*, No. CIV.A. 12-1793, 2013 WL 3199720, at *3 (E.D. La. June 21, 2013) (service of subpoena by certified mail is invalid).

In addition, Rule 45 requires the subpoena to state a place for compliance. At least some authority holds that "an email address does not qualify as a location or place where

compliance is required under Rule 45." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017). The parties may agree to production by electronic means,[2] but they have not done so in this case. Moreover, Rule 45 contains a geographical limitation requiring a subpoena to command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). The command to produce the documents to Plaintiff's email address raises a question of whether the location of compliance is the place of receipt or the place of transmission. *See CSS, Inc.*, 354 F. Supp. 3d at 710. If it is the former, the Subpoena violates Rule 45(c)(2)(a) because Plaintiff is a resident of Texas, far more than 100 miles from New Jersey. If it is the latter, then the Subpoena complies with the geographic limitation, but this Motion should have first been filed in United States District Court in which Leonardo, New Jersey is located. FED. R. CIV. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

As noted above, Plaintiff is entitled to post-judgment discovery regarding CAS's assets that may be available for satisfaction of his judgment. However, the Court cannot compel Betta to comply with a deficient subpoena or hold him in contempt for failing to do so. *CSS, Inc.*, 354 F. Supp. 3d at 710. Plaintiff may seek issuance of a new subpoena to Betta, effecting personal service through a local process server in New Jersey who may

---

[2] FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments).

also be able to provide a location for compliance that is within 100 miles of Betta's residence, and otherwise satisfying Rule 45. Plaintiff may also seek discovery of documents from CAS, the defaulting party, through service in accordance with Federal Rule of Civil Procedure 5 of written requests for production of documents pursuant to Federal Rule of Civil Procedure 34.

Signed on February 04, 2021, at Houston, Texas.

                                                    Christina A. Bryan
                                            United States Magistrate Judge